## WALLACE v. ROBB et al.

1. **Instructions: GIVING AND REFUSAL OF.** The action of the court in giving instructions, which under a certain state of facts would be correct, will not be disturbed when the evidence is not contained in the record; nor, on the other hand, its action in refusing instructions asked, unless sufficient evidence is embodied in the record to show their applicability, unless their necessary applicability is disclosed by the pleadings.

2. **Pleading: EVIDENCE UNDER.** Where, in an action of trespass for taking personal property, the defendant answers denying the taking and the allegations of the petition generally, he may thereunder introduce evidence showing that the property was taken by him with the assent of the plaintiff.

*Appeal from Monroe District Court.*

WEDNESDAY, OCTOBER 8.

ACTION at law to recover damages for trespass. The petition alleges that plaintiff was the owner of certain real estate, whereon was a woolen mill with the necessary machinery. That defendant Robb, having in his hands a special execution issued upon a judgment against plaintiff directing the sale of the undivided one-fourth of the woolen mill and machinery thereunto belonging, with the other defendant Stuart, the attorney of plaintiff in said judgment, entered upon said premises for the purpose of levying said execution, and said Robb, at his own instance, as well as at the request of said Stuart, took forci-

ble possession of the premises; and said Robb made a levy of the execution upon the real estate and upon one undivided fourth interest of the woolen mill situate thereon, and the machinery thereunto belonging. " And, the said defendants thereupon dispossessed the plaintiff, not only of the real estate, but of said factory, including all the machinery and materials therein, and ejected this petitioner and denied and deprived him of all control of said property, or the business of the factory from July 17, to August 23, 1872." It is charged that the acts of Robb were done under color of law and official authority, which was urged on and controlled by his co-defendant Stuart, and that defendants were trespassers and wrong-doers.

The defendants answering, denied all the allegations of the petition not expressly admitted. They own that Robb, the sheriff, had, at the time of the acts complained of, eight separate executions against the plaintiff, and was directed, by the attorneys controlling the same, to levy them upon the real estate and personal property, being the same described in plaintiff's petition as seized by the sheriff. They deny that the sheriff took possession of said property, except a few articles that were taken on an execution, other than the one named in the petition; aver that nothing more was done than the taking of an inventory of the machinery in the mill; that before the inventory was taken the plaintiff and defendant Stuart entered into an agreement to the effect that the machinery should remain in the mill, in the possession of plaintiff, until it was sold upon the execution, and that plaintiff should have the privilege of using the same in carrying on the business he was prosecuting; that in pursuance of said arrangement the sheriff did not take possession of the property, but left it in possession of plaintiff. The property was advertised but not sold for want of bidders. The defendants, in another form, deny that they took possession of the real estate and machinery, or that they run and operated the same for any length of time, and aver that plaintiff was present and agreed in all that was done by the sheriff in levying the executions.

The cause was tried to a jury and a verdict and judgment had for defendants. Plaintiff appeals.

*Perry & Townsend* for the appellant.

*Yocum & Robb* for the appellees.

Beck, Ch. J. — The errors assigned in this case relate to rulings of the district court upon the instructions given and refused. No other questions are presented for our consideration. There is not one word before us indicating the character of the evidence upon the trial of the case. If, therefore, the instructions given would be correct under a state of facts as to the evidence and proceedings, which may be properly supposed to have existed at the trial, we are required to adopt a conclusion consistent with the correctness of the ruling of the court below. Neither will we interfere with the court's ruling in refusing instructions, when the evidence is not before us, unless their necessary applicability is disclosed by the pleadings. These familiar rules are too often announced to demand the citation of authority in their support.

1. INSTRUCTIONS.

Counsel make seventeen points upon the instructions, insisting that error in giving or refusing them, appears, in each instance, under the above rules, from the pleadings. These points mainly center in this one thought, that the instructions are not upon the issues presented by the pleadings.

2. PLEADINGS.

In the first place plaintiff's counsel insist that the only issue in the case was as to the taking and holding the possession of the property by defendants; that defendants deny they took the property and they will not, therefore, be permitted to show a justification for taking.

The defendants deny generally the allegations of the petition, and then set up a state of facts which amounts to a defense to the action. The purport of the special defense is that defendants did not take possession of the property. Now,

the petition claims to recover on the ground that defendants wrongfully seized the property and retained possession thereof. If defendants showed that they took and held the property under an agreement with, and by the consent of plaintiff, it was certainly a defense proper to be introduced under defendants' general denial, for it would establish that defendants did not wrongfully take and hold the property, and this is the very burden of the issue. This view disposes of several of the points made by counsel upon the instructions given and refused.

II. Certain instructions were given wherein the rights and duties of the sheriff in making the levy are explained to the jury. We see no objection to them as abstract principles of law, and the record fails to show their want of pertinency. Several other instructions upon other points are objected to and the objections are disposed of in the same way.

III. There are several instructions objected to but no grounds of objection stated. Counsel in noticing them do little more than repeat the assignment of errors so far as it relates to these instructions. They do not appear to be erroneous under the view we take of the case and demand no further notice. It is claimed that one of them errs in stating that plaintiff claims to recover $3,000, when in fact he claims but $1,000. But the petition in fact does claim recovery in the sum of $3,000.

IV. The general answer to plaintiff's objections is to be found in the fact that one of the defenses upon which defendant rested was that the property was taken and held under certain executions by the sheriff Robb, with the consent of and under an agreement with plaintiff. And, as appears by special findings of the jury, this defense prevailed. As we have before intimated, the issues made by the pleadings authorized the admission of evidence to support the defense. The instructions of the court, under the supposition that such evidence was before the jury, and we are required to presume such a state of facts, must be regarded as correct.

V. It is proper to remark that no objections are made to

defendants' answer or to the evidence offered in support of the defense to the action. It may be that some objections plaintiff now urges would have been well made if directed at the answer or evidence.

If the bar will remember that errors are to be affirmatively shown, and can never be presumed in order to reverse, in this court, a judgment appealed from, and that we are required to exercise every presumption in order to support the judgments reviewed here, they would be saved many fruitless efforts to overthrow the decisions brought before us. However it may be with counsel in presenting their causes, they must not forget that the imagination of courts of appeal is barren indeed, and whatever of that faculty they possess or may exercise, must be used in order to support the rulings of the inferior courts, and not to overthrow them.

The judgment of the district court is

Affirmed.