BABBAGE v. THE SECOND BAPTIST CHURCH OF DUBUQUE.

1. **Pleading:** ANSWER: DENIAL OF CORPORATE ACT. Where the petition declared on a note and mortgage, which it alleged were executed by the duly authorized board of trustees of the defendant, a corporation, an answer denying that either note or mortgage were executed or made in any way by the defendant was held sufficient to put in issue their validity.

*Appeal from Dubuque Circuit Court.*

MONDAY, JUNE 21.

THE petition alleges that The Second Baptist Church of Dubuque, a corporation duly organized and doing business though a board of trustees, did, through its duly authorized board of trustees, execute to plaintiff a promissory note for $2,500, dated May 6th, 1876, due on or before four years from January 1st, 1876.

The petition further alleges that the defendant, through its duly authorized board of trustees, executed a mortgage to secure said note, which mortgage contains a stipulation that in case of a failure to pay any portion of taxes or assessments levied on said premises for ninety days after the same are legally payable, or a failure to pay the interest as stipulated

in the note, shall render the whole amount due and collectible. The petition alleges that the defendant has neglected to pay the interest on said note, as agreed by the stipulation. Copies of the note and mortgage are attached to the petition. The note provides for the payment of the interest semi-annually. The defendant filed an answer as follows:

"1st. Denies being indebted to the plaintiff in any sum whatever on the note and mortgage set forth in said petition.

"2d. Avers that said note is not yet due nor has any cause of action yet accrued upon it.

"3d. Denies that said note is the note of this defendant.

"4th. Denies that said note was executed or made by this defendant in any way whatever.

"5th. Denies that the mortgage set forth in said petition is the deed of this defendant.

"6th. Denies that said mortgage was made or executed by this defendant in any manner.

"7th. Denies that said mortgage was ever signed, sealed, delivered or acknowledged by said defendant.

".8th. Avers that said mortgage was not signed by all the trustees of the Second Baptist Church.

"9th. Denies that said board of trustees were empowered on behalf of said Second Baptist Church to execute the said note or mortgage, by a meeting of said church duly called and held on the 19th of January, 1876, as is alleged in plaintiff's petition or at any other time."

The plaintiff filed a motion to strike this answer from the files upon the ground that each paragraph thereof is sham, irrelevant and immaterial, and sets up no defense. The court sustained this motion. The defendant failed to further plead, and judgment was rendered for the amount of the note and for a foreclosure of the mortgage. The defendant appeals.

*Trumbull & Kiesell*, for appellant.

*Robinson & Powers*, for appellee.

Goodykoontz v. Olsen.

DAY, J.—The motion was improperly sustained. The petition alleges that the note and mortgage were executed by the defendant through its duly authorized board of trustees. The answer denies that the note is the note of the defendant, and denies that it was executed or made by the defendant in any way whatever. The answer contains the same denials as to the mortgage. It puts directly in issue the allegations of the petition that the notes and mortgage were executed by the defendant through its duly authorized board of trustees. In order to recover under this issue, it is certainly necessary for the plaintiff to produce in evidence the note and mortgage, and probably to prove that the persons signing them were trustees of defendant, and as such, authorized by virtue of their general powers, or otherwise, to execute the note and mortgage. It is clear that the defendant, under these denials, would be authorized to introduce evidence that the persons signing the note and mortgage were not trustees of the defendant, and that they had no authority to execute the note and mortgage.

1. PLEADING: answer: denial of corporate act.

REVERSED.