DAVIS v. WALTER & SON.

1. **Evidence:** CONVERSATION WITH DEFENDANT: IDENTITY OF DEFENDANT. Evidence of an alleged conversation by telephone with one of the defendants is not to be excluded on the ground that it is not shown that the person conversed with was in fact one of the defendants, when that fact sufficiently appears by the testimony of another of the defendants.

2. **Practice on Appeal:** EVIDENCE TO SUPPORT VERDICT. A verdict based upon conflicting evidence will not be disturbed on appeal.

3. ———: ERROR WITHOUT PREJUDICE. An error in failing to instruct as to one of the elements of damage in a case can be no ground for reversal upon the appeal of one not prejudiced thereby.

4. **Instructions:** WHOLE CHARGE CONSIDERED TOGETHER. An instruction which is not sufficiently qualified is no ground for reversal when the whole charge taken together presents the case with sufficient clearness.

5. ———: ON CLAIM DEFECTIVELY PLEADED: OBJECTION TOO LATE. Where a claim was made in the petition, but not with the exactness which might have been required, defendant, having failed to move for a more specific statement, cannot in this court complain that the trial court instructed the jury as to the claim so made.

6. ———: TO ALLOW INTEREST: RATE NOT NAMED. There is no error in instructing the jury to allow interest, without naming the rate, since the jury would, of course, understand that the legal rate of six per cent was meant.

*Appeal from Polk Circuit Court.*

TUESDAY, DECEMBER 21.

ACTION to recover for the breach of a contract, whereby defendants became bound to employ plaintiff for one year, and pay wages and expenses provided for by the argeement. There was a judgment upon a verdict for plaintiff. Defendants appeal.

*J. M. & G. E. McCaughan,* for appellants.

*Bryan & Bryan,* for appellee.

BECK, J.—I. The petition alleges that plaintiff and defendants entered into a verbal agreement of employment

for one year, plaintiff agreeing to serve defendants, and defendants agreeing to give plaintiff employment for that time, paying him $45 per month, and expenses, as stipulated in the contract set out in the petition, and to advance about one month after the commencement of the employment $125 on the year's salary. The petition shows that plaintiff performed labor under this contract for more than six months, and that defendants then refused to perform their contract, and, without cause, discharged him. The answer denies the allegation of the petition.

II. The circuit court, against defendants' objection, permitted plaintiff to introduce evidence of a conversation had with one of the parties through the telephone. No objection is made which raises the question whether a conversation held in that manner is competent, the same as conversations where the parties are together, or conversations without the aid of the telephone. It need not, therefore, be considered. But the objection urged by defendants is based solely upon the ground that it was not shown that the person alleged to be one of the defendants who had the conversation was in fact one of them. The testimony shows that "Ed." Walters held the conversation with the witness. He is several times designated by that name as one of the defendants in the testimony of the other defendant. It sufficiently appears by this evidence that the conversation was held with one of the defendants. The objection may be disposed of on another ground. It is not shown that the objection now presented was urged in the court below.

1. EVIDENCE: conversation with defendant: identity of defendant.

III. It is insisted by defendants' counsel that the evidence does not support the verdict, and that the verdict exceeds the amount of damages established by the evidence. All that need be said upon this point is that the evidence upon the issue was conflicting, and, upon the amount of damages, was, not entirely clear. But it cannot be said that, upon either point,

2. PRACTICE on appeal: evidence to support verdict.

it was so wanting or uncertain as to require us, under the rules prevailing upon questions of this character, to reverse the judgment.

IV. The court, in presenting the issues to the jury, did not state or refer to the claim in the petition that defendants agreed to advance to plaintiff $125. This is made a matter of complaint by defendants. We are unable to discover that this omission would work prejudice to the defendants. We are authorized to presume that, as the jury was not directed to consider the alleged breach of the agreement to make the advance, they made no findings thereof, and it did not constitute an element in the damages found by them. This would result to the prejudice of plaintiff, and not of defendants, of which they cannot complain.

*3. ——: error without prejudice.*

V. The fourth instruction informed the jury that for any breach of the contract the party in default would be liable for damages. Counsel complain that it is erroneous, because it is unqualified. We presume counsel mean that it is not qualified as to the damages recoverable for the breach of the contract. But other instructions present with sufficient clearness rules for the determination of damages.

*4. INSTRUCTIONS: whole charge considered together.*

VI. It is insisted that the sixth instruction is erroneous, in that it directs the jury that plaintiff may recover for services actually rendered, and not paid for. This objection is based upon the ground that plaintiff does not claim recovery for such services in his petition. But the petition does allege that plaintiff did render services under the contract which have not been fully paid for by defendants. The petition may not be sufficiently explicit, in failing to allege the sum due plaintiff for such services. But defendants should have required a more specific statement at the proper time. They cannot now object to the petition on this ground.

*5. ——: on claim defectivly pleaded: objection too late.*

VII. An instruction directed the jury to allow plaintiff interest upon sums from the date when they should have

6. ———: to allow interest: rate not named. been paid. It is insisted that this instruction is erroneous, in that it does not state the rate of interest. The jury, of course, would understand that interest was to be allowed at the rate of six per centum per annum, which is the lawful rate where no other is specified.

Other objections made to the instructions we think demand no special attention. In our opinion, the judgment of the circuit court ought to be

AFFIRMED.