Seekel v. Norman et al.

## SEEKEL v. NORMAN ET AL.

1. **Usury**: EVIDENCE TO DISCOVER: PAROL TO IMPEACH WRITING. The conditions, covenants and recitals of any and all instruments under which usury is hidden may be contradicted, impeached and assailed by any evidence, parol or written, in order to disclose the real facts and uncover the usury.

2. **Instruction**: REPETITION NOT REQUIRED. Instructions asked are properly refused when the thought of each is sufficiently expressed in insructions given by the court on its own motion.

3. ———: CORRECT IN THE ABSTRACT BUT NOT PROPERLY APPLIED: ESTOPPEL. It may sometimes occur that a correct abstract rule of law may mislead the jury, in the absence of directions for its application to the facts in the case. In such a case it will be error, if the court fails on its own motion to give such directions for its application that the jury will not be misled. So *held* in regard to an instruction in which the court rightly stated that, to constitute an estoppel, the party pleading it must have been prejudiced, or sustained injury, by acting upon the representations alleged as ground for the estoppel, but failed to give other necessary instructions for the application of the rule.

4. **New Trial**: MISCONDUCT OF COUNSEL: DISCRETION OF TRIAL COURT. The decision of the trial court upon a question of the misconduct of counsel in argument to the jury, where the decision was based upon conflicting affidavits and the court's own knowledge of the facts, will not be disturbed on appeal.

5. **Usury**: JUDGMENT FOR SCHOOL FUND: PROCEDURE: EVIDENCE. Where in the progress of an action on a promissory note it appears that there should be a judgment for the school fund on account of usury, (Code, § 2080,) it is competent for the court to ascertain by evidence, in addition to what is introduced on the trial, the amount of the forfeiture for which the judgment should be rendered.

*Appeal from Harrison Circuit Court.*

FRIDAY, MARCH 11.

ACTION upon three promissory notes executed by Norman & Williams to Winch, and by him indorsed to plaintiff. There was a judgment against plaintiff upon a verdict for defendant Norman & Williams, and a judgment against them in favor of the state for the use of the school fund. Both parties appeal.

*G. W. Argo* and *L. R. Bolter & Sons*, for plaintiffs.

*H. H. Roadifer*, *S. H. Cochran* and *G. T. Kelley*, for defendants.

BECK, J.—I. While the abstract shows that Winch, the payee and indorser of the notes in suit, was joined as a defendant with the makers, it fails to show what disposition of the action was made as to him. The other defendants, Norman & Williams, answering the petition, admit the execution and indorsement of the notes, and allege as defenses that the notes were given without consideration, and are usurious, having been given for the amount of interest accruing upon other notes at the rate of fifteen per centum per annum, and for no other consideration. They further allege that the notes have been paid; and, as another defense, show that the notes at the time of their execution were delivered, under an agreement between the makers and payee, to another party, to be delivered, upon specified conditions, to the payee, but, in violation of their conditions, the payee, Winch, obtained possession of the notes, and wrongfully assigned them to plaintiff without consideration. The plaintiff, in reply to the answer, denies the fraud, usury, and other matters of defense set up therein, and alleges that she is the innocent holder of the notes, under indorsement thereof made before their maturity. She further alleges that, before the notes were transferred to her, Norman made representations, which were communicated to her before she purchased the notes, to the effect that they were all right, and would be paid at maturity, and, relying on these representations, plaintiff purchased them; wherefore she claims that defendants are estopped to deny the validity of the notes. Other matters appearing in the pleadings upon which the case was tried, and in other pleadings withdrawn, need not be further mentioned.

II. We will be able more satisfactorily and conveniently

Seekel v. Norman et al.

to dispose of the objections urged against the judgment by
considering them in the order of their discussion
by counsel. A great many objections are urged
by counsel for plaintiff to evidence permitted to
be introduced by defendants. This evidence, or a part of it,
tended to show all the transactions from which the notes in suit
originated, the amount of defendants' indebtedness, the usu-
rious rate of interest contracted for by the parties, and that
such usurious interest constituted the consideration of the
notes in suit, and many other matters tending to show usury in
the notes, which need not be particularly stated. It appeared
that there was a written contract pertaining to some of these
matters. Counsel for plaintiff insist, as to the matters covered
by the written contract, that the parol evidence in question is
incompetent. But it may be remarked, generally, that usury,
as other frauds, may be shown by any evidence, in other
respects competent, tending to establish the real character of
the transaction. The conditions, covenants and recitals of
any and all instruments under which usury is hidden may be
contradicted, impeached and assailed by evidence, parol or
written, in order to disclose the real facts, and uncover the
usury. The law against usury would be in vain, and incapa-
ble of enforcement, except for this familiar rule of the law.
Its application sustains the circuit court's rulings upon the
admission of evidence complained of by counsel for plaintiff.
They demand no further attention.

*1. USURY: evidence to discover: parol to impeach writing.*

III. Numerous papers were introduced in evidence, being
notes, deeds, mortgages and receipts pertaining to the deal-
ings between the parties. Counsel for plaintiff
complains rather of their number than their rele-
vancy and pertinency to the case. As they all pertained to
the transactions between the parties out of which the notes
in suit, more or less remotely, had their origin, we do not
think they were incompetent. As these notes are claimed to
represent usury arising in prior transactions between the
parties, it is plain that such transactions were proper subjects

*THE SAME.*

Seekel v. Norman et al.

of inquiry, and all papers pertaining thereto were properly received in evidence as explanatory thereof.

IV. Plaintiff requested an instruction to the effect that, if the notes were given for property purchased by defendants, they were not usurious; another to the effect that a credit price for property sold greater than a cash price is not usurious; and a third to the effect that usury arises only upon a contract for the payment of unlawful interests. They were each rightly refused, as the thought of each was sufficiently expressed in instructions given by the court on its own motion.

<span style="float:left">2. INSTRUC-<br>TIONS: repe-<br>tion not re-<br>quired.</span>

V. As applicable to the estoppel pleaded in plaintiff's reply, based upon the alleged representations of defendant Norman, to the effect that the notes were all right, and would be paid at maturity, the circuit court, in stating the doctrine of estoppel, expressed the thought that, to constitute the estoppel, among other things, the plaintiff must have been prejudiced, or sustained injury, by acting upon the representations. Counsel for plaintiff insists that the instruction is erroneous, for the reason that the effect to injure or prejudice is not an element of estoppel. Clearly, if no injury or prejudice arises to the party acting upon a representation, he can have no cause of action, and the alleged estoppel will not be enforced. Prejudice or injury is an essential element in the foundation of all claims for the enforcement of rights, or for the redress of wrongs. If neither exists, no right will be regarded as violated, or wrong suffered, of which the law will take notice. *Lucas v. Hart*, 5 Iowa, 415; *Eikenberry v. Edwards*, 67 Id., 14. We think the instruction correctly announces an abstract rule of law. But without explanation and other instructions directing its application to the facts of the case, it is probable that it led to a verdict in conflict with the rights of plaintiff and the obligations of the defendants. If plaintiff was prejudiced by relying upon defendant's declarations, above stated, an estoppel would arise.

<span style="float:left">3. ———: cor-<br>rect in the<br>abstract but<br>not properly<br>applied:<br>estoppel.</span>

Such prejudice did arise upon the fact, if upon no other, that plaintiff was induced by the representations to commence this suit against defendants, thus incurring costs and expenses. Relying upon the estoppel, she was justified in bringing the action. She thus acted upon defendant's declarations, and a complete estoppel arose thereon, if prejudice resulted, as it surely did, by inducing her to incur costs and expenses. The jury should have been directed by another instruction to this effect. As such instruction was absolutely essential to enable the jury to correctly apply the rule of estoppel, it was the duty of the court to give it, even in the absence of request therefor by the plaintiff. It may sometimes occur that a correct abstract rule of law may mislead the jury, in the absence of directions for the application to the facts of the case. In such an instance the trial court should be careful, on its own motion, to give such directions for its application that the jury may not be misled. In our opinion, prejudicial error was committed by the circuit court in failing to give sufficient directions to the jury as to the prejudice suffered by plaintiff as above pointed out.

VI. Plaintiff complains of misconduct of the attorneys of defendants at the trial in discussing facts and matters not shown by the evidence. The complaint is based upon an affidavit of her attorney. But counter-affidavits show that whatever was said by defendants' attorney about matters not in proof, was in reply to the argument of the attorneys of plaintiff, who departed from the record in the arguments. Plaintiff fails to establish the fact upon which her complaint is based. The court below was fully cognizant of the whole matter, and had before it the conflicting affidavits. We are required to presume that it rightly overruled the motion to set aside the verdict on the ground of the misconduct of the defendants' attorneys.

*4. NEW trial: misconduct of counsel: discretion of trial court.*

VII. The circuit court rendered judgment against

Seekel v. Norman et al.

defendants for $330 in favor of the state for the use of the

**5. USURY:** school fund. This judgment is authorized by
**judgment for** Code, § 2080, which provides that, "if it shall be
**school fund:**
**procedure:** ascertained in any suit brought upon any contract
**evidence.**
that a rate of interest has been contracted for greater than is
authorized for by this chapter, either directly or indirectly,
in money or property, the same shall work a forfeiture of
ten cents on the hundred by the year, upon the amount of
such contract, to the school fund of the county in which the
suit is brought." The section directs that a judgment
accordingly shall be entered against the defendant, in favor
of the state, for the use of the school fund. The proceed-
ings and adjudication against defendants were, of course, had
after the verdict and judgment against plaintiff. It was
competent for the court to ascertain, by evidence, in addition
to what was introduced upon the trial, the amount forfeited
to the state. The fact that there had been a contract for
usurious interest sufficiently appeared in the evidence in
the case. But that evidence, probably, does not alone sup-
port fully the conclusion of the court as to the amount of
the forfeiture. We will presume that other facts were
brought to the attention of the court which showed the true
amount of the forfeiture. The abstracts fail to show that
we have before us all the evidence upon which the judgment
was rendered against the defendants. We cannot, therefore,
review it. The cause must be reversed, upon plaintiff's
appeal, for the error pointed out in the fifth paragraph of this
opinion, and it will be remanded for a new trial, in which
the question of defendants' liability to a judgment in favor
of the state for the use of the school fund must of necessity
again arise, in view of the fact that the issues of the case
involve the question of the existence of usury. If usury
be established on the new trial, defendants may be liable to
such a judgment; if not, they will not be so liable. But it
becomes necessary in this case to pass upon the question
involved in defendants' appeal, in order to determine the

question of costs involved therein.    For this reason we determine it.    The defendants will pay the costs upon both appeals.

Affirmed on defendants' appeal.    Reversed on plaintiff's appeal.