## STATE OF IOWA v. JAMES P. HUTCHINSON, Appellant.

**Attempt to Rape:** EVIDENCE. The statements of the prosecutrix, made shortly after the assault, as to who her assailant was, are admissible, so are her expressions and complaints of pain, and where she located the pain.

INCLUDED OFFENSES. Where an indictment charges both an attempt to rape and actual carnal abuse, a conviction may be had of an assault and battery, and simple assault. *State v. McAvoy*, 73 Iowa, 557, *distinguished*.

SAME. This is so though it is not charged that the assault was made feloniously.

**Redirect Examination.** Where it is defended that a child is simply rehearsing a story which her mother had told her to repeat, it may be asked on redirect examination how her mother knew the details of an assault made upon the witness.

EVIDENCE. The jury may properly consider the conduct of defendant during trial.

**Practice:** MISCONDUCT OF COUNSEL. Counsel for defense called the court's attention to misconduct of the county attorney in argument and said at the same time "we want nothing;" upon repetition of the offense by the county attorney, counsel told the judge he desired to except. The prosecutor was not interrupted or his attention in any way called to the fact that he was complained of. *Held*, a refusal to grant a new trial on this account will not be interfered with.

VERDICT. The jury brought in its verdict while defendant was absent. The court ordered it to return to its room, had the defendant brought in and the verdict was then returned by the jury and read in the presence of the defendant. *Held*, no error.

KINNE, J., took no part.

*Appeal from Tama District Court.*—HON. JOHN R. CALDWELL, Judge.

THURSDAY, OCTOBER 10, 1895.

The defendant was indicted for the crime of carnally knowing and abusing a female child under the age of thirteen years. He was convicted of an assault

with attempt to commit rape, and sentenced to the penitentiary for the term of five years. He appeals.— *Affirmed.*

*Struble & Stiger* for appellant.

*Milton Remley,* attorney general, *E. C. Ebersole,* county attorney, and *C. B. Bradshaw* for the state.

Deemer, J.—The indictment charges that defendant, on the twenty-sixth day of July, 1893, in and upon the person of one Edna Means, a female child then and there under the age of thirteen years, to-wit, six years, did make an assault, with intent her, the said Means, to carnally know and abuse, and her, the said Edna Means, then and there feloniously and carnally did know and abuse.

I. The prosecuting witness was asked by the state how her mother knew that defendant put his hands upon her person, at a certain time after the offense is said to have been committed. The witness answered: "Because I told her." The question was asked upon re-examination of the witness, and was competent for two reasons: First, because the matter was brought out by defendant on the cross-examination; and, second, because it was claimed by the defense that the witness, who is a little girl about seven years old, was rehearsing upon the stand a story which her mother had told her to repeat.

II. The mother of the prosecuting witness was asked about complaints made to her by the child of the defendant's conduct, and, in answer to interrogatories which were objected to, stated that "she complained of that nasty bad man [speaking of defendant], and that she complained of this man putting his bean up against hers." Complaint is now made of the rulings, because it is insisted that statements made by the child as to who her assailant was are

incompetent. The question presented has recently undergone investigation in the case of *State v. Cook*, 92 Iowa, 483 [61 N.W. Rep. 185], and it was there held, following *State v. Watson*, 81 Iowa, 380 [46 N.W. Rep. 808], and *State v. Mitchell*, 68 Iowa, 116 [ 26 N. W. Rep. 44], that questions and answers similar to those appearing in this case were proper.

It is also insisted that the court was in error in allowing testimony to be given of expressions of suffering and complaints of pain made by the prosecutrix shortly after the crime is said to have been committed. The theory of the state was that, while the hymen of the child had not been ruptured, yet that defendant, by his treatment of her, had caused her private parts to be badly inflamed and irritated, to such an extent as to cause considerable pain and obstruct the flow of urine. Surely, the natural expressions and complaints made by the child within a few hours after the time the offense is said to have been committed were proper testimony. The witness also located the part of the person which the child indicated was painful. It occurs to us that, if it be admissible to show complaints and exclamations of pain, it is competent to locate the seat of pain in the same manner.

A witness was permitted to testify as to what the mother of the prosecutrix told her she had said to one Stiger, an attorney for the defendant, about allowing him (Stiger) to send a physician down to examine the little girl. This was done upon re-examination of the witness, and related to a conversation called out on cross-examination. There was no error in this.

A witness was asked about the prosecuting witness having romped and frolicked with other children in the evening after the crime is said to have been committed. The court erroneously sustained an objection

to the question, but the witness afterwards fully stated the facts. No prejudice resulted from the ruling.

Other errors are complained of in the admission and rejection of testimony. We have considered them all, and discovered no prejudicial error.

III. The court instructed that defendant might be convicted of an assault and battery, or a simple assault. It is urged that this was an error, because these crimes were neither charged nor included in the one charged in the indictment. *State v. McAvoy*, 73 Iowa, 557 [35 N. W. Rep. 630], is relied upon. In that case defendant was accused of the crime of an assault with intent to commit rape. No actual violence was charged. It is said in the opinion that the crime of assault and battery is not necessarily included in an indictment charging an assault with intent to commit rape, and that, as no actual violence was charged, it was error for the court to direct that defendant might be found guilty of an assault and battery. In this case the indictment not only charged an assault with intent to ravish, but also actual carnal knowledge and abuse. Such a charge includes both assault and battery, and simple assault. *State v. Kyne*, 86 Iowa, 616 [53 N. W. Rep. 420].

It is further contended that, as the assault is not charged to have been made feloniously, defendant could not be convicted of a lesser degree of crime than rape. The use of the word "felonious" is not essential. *State v. Casford*, 76 Iowa, 330 [41 N. W. Rep. 32]; *State v. Griffin*, 79 Iowa, 568 [44 N. W. Rep. 813]; Code, sections 4305, 4306. It may be said that these cases are not exactly in point. It is conceded that they do not decide the exact question here presented, but in principle they are so nearly allied as to be decisive of the case upon this proposition.

IV. Complaint is made of the language used by the county attorney in his address to the jury. The

remarks to which exceptions are taken were as follows: "Nothing has so stirred this community for a long time as this outrage upon this little girl." "No; the defendant no longer resides in Tama City, for this outrage which he has perpetrated upon this little girl has made it unsafe for him to be on the streets of Tama City." The record shows the following with reference to these statements: "Counsel for defendant called the attention of the court and took exceptions thereto in writing, as follows, viz.: 'We except to the action of the county attorney in saying to the jury, "Nothing has so stirred this community for a long time as this outrage upon this little girl,"' —which paper was handed to the judge by counsel, but without interrupting or calling the attention of the county attorney in any way. Thereupon the judge said to counsel for defendant. 'What do you want?' to which counsel stated, 'We are asking for nothing.' Afterwards, and in the course of the opening argument, the said county attorney made the further statement to the jury: 'No; said defendant no longer resides in Tama City, for the outrage which has been perpetrated upon this little girl has made it unsafe for him to be on the streets of Tama City.' Thereupon counsel for defendant stated to the judge that he desired to except to said remark, but the county attorney was not interrupted, nor was his attention called to the matter in any way, and no action was taken by the court touching said remarks or either of them, either in the court's instructions to the jury, or by any suggestions to counsel or the jury that such remarks were improper, and were not to be considered for any purpose in the case." The language used by this court in the case of *Ross v. City of Davenport*, 66 Iowa, 550 [24 N. W. Rep. 47], is peculiarly applicable here: "When counsel fail to object and call the attention of the court to the objectionable statements of counsel in the argument to the

jury at the time, and then ask the court to grant a new trial on that ground, we think the court is vested with a large discretion; and, if it refuses or grants the new trial, we cannot and should not interfere, unless it manifestly appears that such discretion has been abused." See, also, *George v. Swafford*, 75 Iowa, 491 [30 N. W. Rep. 804]; *Sunberg v. Babcock*, 66 Iowa, 520 [24 N. W. Rep. 19]; *Seekel v. Norman*, 71 Iowa, 264 [32 N. W. Rep. 334]; *State v. Beasley*, 84 Iowa, 83 [50 N. W. Rep. 570]; *Shepard v. Railroad Co.*, 77 Iowa, 54 [41 N. W. Rep. 564]. It appears to us that defendant's counsel waived their objections to the first statement. As to the second, it seems to be in reply to some statement made by the other side, which statement we do not have. The trial court was evidently of the opinion that the statement was not prejudicial, and in this view we are inclined to concur. Certain it is that there is no such showing of abuse of discretion as to justify us in interfering. We are not to be understood as approving such statements. What we do hold is that the trial court did not abuse his discretion in refusing to set aside the verdict on this ground. We cannot think that a conviction was brought about or influenced by these statements. It is claimed, however, that the jury remembered these remarks, and that they were spoken of and discussed by the jury in the jury room, and affidavits are presented to establish these facts. The further fact is shown that defendant sat in front of the prosecuting witness, and made faces at her during the trial, which was observed by some of the jurors, and commented upon by them. It is permissible to establish that the jury considered matters not intro- duced in evidence of which they claim to have had per- sonal knowledge, for they cannot be permitted, by

adding evidence, to make a case different from that which they took with them to the jury room. But it is certainly proper for the jury to observe, note, and comment upon the conduct of a defendant in open court, during the trial of his case. They could not, if they would, shut their eyes to what is transpiring around them; and it is always proper to consider the conduct, deportment, and demeanor of a witness while on the stand, and of a defendant while at the bar of justice. The fact that they remembered the statements of counsel, and remarked about them in the jury room, cannot be shown by affidavit for the purpose of impeaching the verdict. This was an occurrence of the trial, and the whole matter resolves itself back to the question as to whether such remarks constituted misconduct on the part of the attorney.

V: The jury returned into court with their verdict, and the same was duly announced and recorded, when it was discovered that defendant was not present. The court thereupon directed the jury, which had not left the court room, to return to their jury room with their verdict. Defendant was then brought into court, and the jury came into his presence, and the verdict was again announced and recorded, and the jury discharged. There was no error in this. Whatever mistake there may have been in having the verdict returned in the absence of defendant was afterwards cured, and no possible prejudice resulted.

VI. Lastly, it is insisted that the verdict is not sustained by the evidence. We have carefully gone over the entire record, and are fully satisfied that there is sufficient testimony to sustain the verdict returned. We will not attempt to set out those portions of it which we believe to be sufficient. It is sufficient to say that, if the jury believed the prosecutrix, an unwarranted and indecent assault was made upon her by the

defendant, who induced her to enter his room, and there attempted to have carnal knowledge of her. We discover no prejudicial error, and the judgment is *affirmed.*

Kinne, J., took no part.