HENRY OVERHOUSER, Administrator, etc., Appellee, v. AMERICAN CEREAL COMPANY, Appellants A. H. CONNOR & COMPANY ET AL., Appellees.

**Negligence:** JOINT TORT: PLEADING: EVIDENCE. The general denial by one defendant of a petition charging a joint tort, resulting in a personal injury, will permit of proof that the other defendant was an independent contractor, the negligent acts of whose employés caused the injury complained of, and the matter is not governed by Code, section 3629, which requires that justification, excuse, etc., must be specially pleaded.

**Appeal:** WAIVER OF ERROR. Where an action has been tried by both parties and submitted on the theory that a certain issue was presented by the pleadings, neither can insist on appeal that the question is not in the case.

**Instructions:** RIGHTS AND LIABILITIES OF SEVERAL DEFENDANTS. Where the issue as to the sole liability of one joint defendant is presented, based on the ground that such defendant was an " independent contractor" for whose negligence his co-defendant was not liable, the court's instructions should fully designate the liabilities of an " independent contractor," and define the relationship of the several defendants.

*Appeal from Linn District Court.*— HON. B. H. MILLER, Judge.

THURSDAY, OCTOBER 19, 1905.

ACTION by plaintiff, as the administrator of the estate of W. L. Overhouser, deceased, to recover damages caused, as alleged, by negligence on the part of defendants, and resulting in the death of said W. L. Overhouser. The trial was to a jury, and the verdict was " in favor of the plaintiff and against the American Cereal Company, and for the defendant A. H. Connor & Co. as between A. H. Connor & Co. and the plaintiff." There was judgment on the verdict as against the cereal company, and therefrom it appeals. The plaintiff appeals as against A. H. Connor & Co. Dismissed on plaintiff's appeal.— Reversed on defendant's appeal.

*Jamison & Smyth,* for plaintiff.

*J. C. Cook* and *H. Loomis,* for defendant Cereal Company.

*Dawley, Hubbard & Wheeler,* for defendants A. H. Connor & Co.

BISHOP, J.— This is the second appeal in this case. For the opinion on the former appeal, see 118 Iowa, 417. The negligence complained of, stated generally, is that the defendants permitted stone and rock to fall from their wagons upon a public street of the city of Cedar Rapids, and suffered and permitted such rock and stone to there remain. so that plaintiff's intestate, while riding a bicycle along said street, struck said rock and stone and was thrown to the pavement, and sustained injuries from which he died. The defendants joined in answer, denying specifically the allegations of the petition.

At the close of all the evidence in the case, the defendant

cereal company moved the court to instruct a verdict in its favor, one of the grounds therefor being that the evidence made it appear without conflict that the work in connection with which the rock and stone were dropped and permitted to remain in the street was being done by the defendants A. H. Connor & Co. as independent contractors; that the negligence complained of, if such there was, was chargeable solely to said A. H. Connor & Co. This motion was overruled, and thereupon the defendant cereal company requested the court to instruct the jury, not only that, if Connor & Co. were found to be independent cotractors, said cereal company would be entitled to a verdict in its favor, but further defining the conditions under which, if found, the jury would be warranted in reaching the conclusion that the relationship of Connor & Co. to the work was in fact that of independent contractors. The requests thus made were refused. As bearing upon the subject-matter thereof, however, the court on its own motion gave the seventh instruction, whereby the jury was told, among other things, that if " Connor & Co. were independent contractors, having in charge the excavation of the stone and hauling the same . . . for the American Cereal Company,". then the cereal company would not be liable for the acts of Connor & Co. in permitting stone to drop and remain upon the street. If, however, " Connor & Co. were not independent contractors, but only the servants, agents, and employés of the cereal company," then the cereal company would be liable for the acts of Connor & Co., etc. No other instruction touching the subject was given.

The main contention for error on the part of the appellant cereal company is made to rest upon the refusal of the court to instruct as requested, and upon the giving of the seventh instruction without either defining the expression " independent contractor," or pointing out the distinction, as related to the law of negligence, between an independent contractor on the one hand and a mere servant or employé on the other hand.

I.   We may first dispose of a question of practice.   The right of the cereal company to present the contention as made by it is challenged by plaintiff on the ground that, the sub-ject-matter thereof not being within the issues (the answer being in effect a general denial), error cannot be predicated upon the refusal to instruct as requested.   We think the point is without merit. The petition charges a joint tort, and the effect of the gen-eral denial was to put in direct issue the commission of such tort.   And, as in cases where a joint tort is charged a re-covery may be had upon proper proof as against either one or both of the tort feasors named as defendants, it follows, if for no other reason, that the general denial must be ac-cepted as putting in issue the commission of the tort in favor of each of the defendants taken singly, as well as in favor of both taken jointly.   Now, any evidence which tends to nega-tive or disprove the matters of fact alleged in the petition is proper to be admitted under a general denial.   Converse-ly stated, such is the rule of the statute, and it is the doctrine of all the cases.   Code, section 3615; *Johnson v. Pennell*, 67 Iowa, 669.

1. Negligence: joint tort: pleading: evidence.

Here the defendant cereal company is a corporation. Whatever was done by it must have been done by its agents or servants.   The effect of its answer, therefore, was to deny that the persons by whom the things actually done, as com-plained of, were its agents or servants.   That it had the right defensively to make proof addressed to that issue is not open to doubt.   And in our view there can be no good reason for saying that under such circumstances the defense may not be aided — or, for that matter, completely established — by pointing out the fact that the workmen whose carelessness gave rise to the charge of negligence were in truth the agents or servants of an independent third person.   Proof of such fact would operate *ex necessitate* to completely negative the allegations of the petition.   As supporting this conclusion, see the following cases: *Babbage v. Church*, 54 Iowa, 172;

*Fernbach v. Waterloo,* 76 Iowa, 598; *Scott v. Morse,* 54 Iowa, 732; *Wallace v. Robb,* 37 Iowa, 192; *Roemer v. Striker,* 142 N. Y. 134.

Counsel for plaintiff seems to think that the case comes within the provisions of Code, section 3629, which are that " any defense . . . showing matter of justification, excuse, discharge or release, and any defense which admits the facts of the adverse pleading, but by some other matter seeks to avoid their legal effect, must be specially pleaded." But here no matter of justification, etc., is relied upon, nor is any fact alleged in the petition admitted. On the contrary, every fact pleaded is met by a specific and positive denial. It becomes manifest, therefore, that the Code provision can have no application. The cases cited and relied upon by counsel for plaintiff do not sustain the position taken by them. In *Dyson v. Ream,* 9 Iowa, 51, which was an action for trespass, the defendant admitted his entry on the property, and his adverse possession. It was held substantially — and this, in conformity with the statute — that he could not justify by making proof of ownership in himself without special. pleading. The cases of *Patterson v. Clark,* 20 Iowa, 429; *Scott v. Morse,* supra, and *Morning v. Long,* 109 Iowa, 288, do not differ in the principle involved from the Dyson Case. The cases of *Brown v. McLeish,* 71 Iowa, 381, and *Eller v. Loomis,* 106 Iowa, 381, are not in point.

Although the question made is disposed of by what is said above, still we may add that, without regard to the precise wording of the answer, it seems clear that the matter of the relation existing between the several defendants was regarded as having been raised by such answer, and therefore fairly in the case. Evidence bearing upon the subject was brought forward on the part of both plaintiff and defendants; and this, without objection. Moreover, the court gave recognition thereto in express terms in the seventh instruction as given to the jury. The case having been tried and submitted to the jury upon

2. APPEAL: waiver of error.

the theory that the liability of the cereal company, defensively considered, was dependent upon whether Connor & Company were independent contractors, or, on the contrary, mere employés, it does not remain, as we think, for plaintiff to now insist that the question is not in the case, and therefore that we may not consider the error complained of.   *Hoyt v. Hoyt,* 68 Iowa, 703; *Burnett v. Loughridge,* 87 Iowa, 324.

,II.   Having determined that the exact relation existing between the several defendants was a question in the case to be submitted to the jury, it became the duty of the court to fully, as well as correctly, instruct upon the subject.   Counsel for appellant do not deny but that the seventh . instruction, given correctly, states the abstract proposition of law as involved in. the case. Their contention is, however, that further and explanatory instructions as requested were absolutely essential to enable the jury to make application of the abstract rule stated in the instruction so given.   Counsel for appellee, on the other hand, do not argue against the propriety of explanatory instructions, but it is insisted upon by them that the requests as made, taken singly or together, are out of harmony with the state of the law, and for that reason were properly refused; and, further, that the court, in the absence of proper requests, was not bound to go beyond a statement of the rule in general terms, as was done in the instruction given.   Now, while the words and terms in ordinary use, and therefore presumably within the general understanding of men, need not be· defined in instructions, yet, in all cases where words or terms are used in a legal or technical sense differing from that which the common use of the words imports, it is at least proper, and it is not going too far to say that in many cases it may be necessary, to give definitive or explanatory instructions.   Taking the expression instantly under consideration, " an independent contractor," and within the popular understanding which the words import, it is wholly descriptive.   The expression serves merely to point out one of a

3. INSTRUC-
TIONS: rights
and liabil-
ities of
several de-
fendants.

class, and when so used, it may be conceded that no words of definition are needed. But in the law of negligence the expression is used, not merely in a descriptive sense, but as well to designate a relationship, in the presence of which, when established, the law undertakes to prescribe distinctive rights. and liabilities. It is for the court, then, as a matter of law, to define the relationship, and for the jury to make finding of the fact as to its existence. Any other rule would have for its plain result a submission to the jury of both the question of law and of fact. And as to the former question they would. find themselves " set adrift without compass or sextant upon an uncharted sea." Our conclusion thus expressed finds support in the following cases: *Cobb v. Simon*, 119 Wis. 597 (97 N. W. 276); *Muldowney v. Railway*, 32 Iowa, 176; *Seekel v. Norman*, 71 Iowa, 264; *Emmerson v. Fay*, 94 Va. 60 (26 S. E. 386). See, also, as bearing on the subject, 11. Encyclopædia of Pleading and Practice, 203 *et seq.*, and cases cited.

Now, essential to a determination of the question of liability on the part of the cereal company was an answer to the primary question as to the relationship existing between that company and Connor & Co. Inherently, therefore, the latter question became a part of the law of the case. It is. well settled in this State that, independent of any requests made, the law of the case must be given to the jury, and a failure to do so will be reversible error. *Owen v. Owen*, 22 Iowa, 270; *Upton v. Paxton*, 72 Iowa, 299; *Seekel v. Norman*, supra.

In our opinion filed upon the former submission of this case, we had occasion to point out upon what conditions the legal relationship of independent contractor, as related to the law of negligence, are made to rest, and we need not further enlarge thereon. It is sufficient to say that, for the failure of the court to instruct upon the subject otherwise than by the abstract statement found in the seventh instruction, a new trial must be awarded to the appellant company.

.III.   In respect to the appeal by plaintiff as against Connor & Co., we have to say that the record before us presents no matter to which we can give consideration.   The verdict of the jury is set forth, but no motion for new trial was made on behalf of plaintiff, nor was there any judgment rendered against him and in favor of Connor & Co. to which exception was taken.   There was, then, nothing from which an appeal could be taken.

Accordingly the appeal of plaintiff as against Connor & Co. is dismissed, the judgment in favor of plaintiff against the cereal company is reversed, and the cause remanded for a new trial.

Dismissed on plaintiff's appeal.   Reversed on defendant's appeal.