JACOB G. KREHBIEL, Appellant, v. W. L. HENKLE.

**Search and seizure:** WRONGFUL SEARCH: DAMAGES: MALICE. Compensatory damages may be allowed to the feelings of one whose home has been wrongfully invaded by a search for stolen property claimed to have been concealed therein with his knowledge, if the invasion was in wanton and reckless disregard of the party's rights, even though express malice or ill-will toward him was not shown.

**Same:** DAMAGES: INSTRUCTION. Actual damages are recoverable for the disgrace and indignity suffered by a wrongful search of one's home; and the instruction in this case to the effect that if there was a wrongful invasion of the privacy of plaintiff's home, and if there was a failure to show actual damage, then plaintiff could only recover nominal damages, and no amount could be allowed as exemplary damages, while abstractly correct as applied to many cases, was misleading and erroneous when applied to the facts in this case, because the jury was nowhere clearly told that plaintiff might be allowed recovery for the indignity suffered. And it is no objection that such damages are incapable of exact measurement, or that the act may not have lessened the esteem of plaintiff's neighbors and friends or affected his standing in the community.

*Appeal from Lee District Court.*—HON. W. S. WITHROW, Judge.

FRIDAY, FEBRUARY 17, 1911.

SUIT to recover damages for an unlawful invasion of the plaintiff's home. Judgment for the defendant, from which the plaintiff appeals.—*Reversed.*

*T. B. Snyder* and *S. K. Tracy,* for appellant.

*E. C. Weber* and *Hamilton & Hamilton,* for appellee.

SHERWIN, C. J.—This is the second appeal in this case. The issues and facts are fully stated in the opinion on the first appeal, reported in 142 Iowa, 677, and need not be repeated. On the present trial the case was submitted to a jury and a verdict returned for the defendant.

The court gave the following instruction: "If you find from the evidence that there was a wrongful invasion of the privacy of plaintiff's home, under the writ, and if the evidence fails to show any actual damages resulting therefrom, then the plaintiff would be entitled to recover nominal damages, which are damages of a small amount, such as one cent or one dollar. If only nominal damages are found, no amount can be allowed as exemplary damages."

We think the instruction erroneous. The plaintiff's action is founded on tort—the wrongful search of his dwelling house for the purpose of discovering stolen property. The defendant introduced evidence tending to show that the plaintiff was a party to the concealment of such property, and that the defendant was so advised before procuring the search warrant. As was said in the former opinion, the invasion of his home for the purpose of finding stolen goods charged to be there secreted cast upon him the suspicion of complicity in larceny. If there was a wrongful invasion of the plaintiff's home, it was a wilful wrong to his reputation, and an insult, for which the law gives a remedy. It is a familiar rule that the

*1. SEARCH AND SEIZURE: wrongful search: damages: malice.*

law implies injury to the feelings, where there is serious personal injury or insult, and for such injury compensatory damages may be recovered. *Shepard v. Railway Co.,* 77 Iowa, 54. Thus, in *Welch v. Ware,* 32 Mich. 77, the Supreme Court, speaking through Campbell, J., said:

> The common sense of mankind has never failed to see that the damage done by a wilful wrong to person or reputation, and, in some cases, to property, is not measured by the consequent loss of money. A person assaulted may not be disabled or even disturbed in his business, and may not be put to any outlay in repairs or medical services. He may not be made poorer in money, directly or consequentially. He may incur no pecuniary damage whatever. . . . When the law gives an action for a wilful wrong, it does it on the ground that the injured person ought to receive pecuniary amends from the wrongdoer. It assumes that every such wrong brings damage upon the sufferer, and that the principal damage is mental, and not physical; and it assumes, further, that this is actual, and not meta-physical, damage, and deserves compensation.

See, also, *Hawes v. Knowles,* 114 Mass. 518 (19 Am. Rep. 383); 1 Sutherland on Damages, 72; 13 Cyc., 43, 44. Under the instruction quoted and others given, the plaintiff was required to fix, in dollars and cents, the damage to his feelings on account of the wrong and insult, and this, of course, he could not do.

The court seems to have submitted the case to the jury on the theory that the plaintiff could not recover exemplary damages, unless he proved personal hatred and ill will toward him on the part of the defendant. But that is not the rule. It was not necessary to prove express malice or ill will toward the plaintiff. It was sufficient to prove that the defendant's act was wanton and reckless, and in disregard of the plaintiff's rights. *Jenkins v. Gilligan,* 131 Iowa, 176.

Other alleged errors are argued, but we do not con-

sider them of sufficient importance to require other consideration. The judgment is *reversed*.

## SUPPLEMENTAL OPINION.

### SATURDAY, NOVEMBER 18, 1911.

PER CURIAM.—The finding of the original opinion that the eighteenth paragraph of the court's charge was erroneous should be more fully considered to prevent possible misunderstanding of the opinion. The intention was to hold that it was erroneous as applied to the facts in this case without further direction to the jury as to what would constitute actual damages under the circumstances. The wrongful and malicious search of the plaintiff's home for the avowed purpose of finding stolen property therein was such an invasion of the plaintiff's rights as to cause mental suffering and humiliation for which the defendant must respond in actual damages, although such damages are not capable of exact measurement in dollars and cents. *McKinley v. Railway Co.*, 44 Iowa, 315; *Shepard v. Railway Co.*, 77 Iowa, 54; 1 Sutherland on Damages, 716. If the feelings of the wronged party are injured, if he feels the disgrace and indignity of the wrongful act, he is entitled to actual damages, though the act itself may not have lessened the esteem of his neighbors and friends, or have affected his standing in the community. Such damages can not be proved or measured as ordinary damages are. No one would undertake to say how much damage in dollars had been suffered on account of a wanton and malicious tort, nor is it necessary to so say. 12 Am. & Eng. Enc. of Law, 30. The instruction undoubtedly announced the correct abstract rule applicable in many cases, but it was misleading here, and consequently erroneous, because the jury was nowhere clearly instructed that ac-

2. SAME: damages: instruction.

tual damages might be allowed for the indignity offered by the defendant and for the mental pain alone suffered on account· thereof.

The petition for rehearing is *overruled*.