## HOYT v. HOYT.

1. **Practice**: PLEADINGS INDEFINITE: INSTRUCTIONS IN ACCORD WITH EVIDENCE. Where the petition was so loosely drawn as not to present any issue clearly, but defendant did not assail it by motion or demurrer, and the parties agreed in trying the case as though a certain issue was raised by the pleadings, the court properly instructed the jury in accordance with that theory.

2. **Parties**: INTEREST OF PLAINTIFF IN SUBJECT OF SUIT: QUESTION IMMATERIAL TO DEFENDANT: ESTOPPEL. Plaintiff's husband was indebted to defendant, and he gave defendant an order on B. for $400, on which defendant drew the money. Plaintiff claimed that the money in B.'s hands, which was paid to defendant under the order, was hers, and that it was simply loaned to defendant; and she and her husband both so testified. Defendant, however, claimed and testified that it was a payment to him to apply on the indebtedness of plaintiff's husband. *Held* that, the issue and the testimony being such, the court did

| 68 | 703 |
|----|-----|
| 93 | 225 |
| 68 | 703 |
| 95 | 257 |
| 68 | 703 |
| 96 | 168 |
| 68 | 703 |
| 111 | 453 |
| 68 | 703 |
| 121 | 647 |
| 68 | 703 |
| 128 | 585 |
| 68 | 703 |
| f130 | 549 |
| 68 | 703 |
| 135 | 388 |

not err in instructing the jury that, if they found that the defendant procured the money as a loan, their verdict should be for plaintiff, and that it was immaterial whether plaintiff's title to the money was good as against her husband or not, since he was estopped by his testimony from disputing her title as against the defendant.

### *Appeal from Greene District Court.*

### FRIDAY, APRIL 23.

PLAINTIFF brought this action to recover a sum of money which she alleges defendant received on an order which she delivered to him. There was a verdict and judgment for plaintiff, and defendant appeals.

*Geo. W. Paine* and *McDuffie & Howard*, for appellant.

*Betzer & Betzer*, for appellee.

REED, J.—The undisputed facts are that prior to the seventh day of February, 1881, defendant and Stephen Hoyt (who is plaintiff's husband) were engaged in business as partners. On that date the partnership was dissolved, and the partners made a contract of settlement. By this contract, defendant agreed to pay the debts of the firm, and Stephen Hoyt agreed to pay to defendant certain amounts which he had received from the firm during the existence of the partnership. On the twenty-eighth of February, Stephen Hoyt delivered to defendant an order drawn by himself on Brooks & Baumhover, for $400, on which defendant received the money. Plaintiff and her husband testified that the fund in the hands of Brooks & Baumhover against which this order was drawn belonged to her, and Stephen Hoyt testified that the transaction was a loan of that amount of money to defendant to enable him to meet certain of the firm debts which were then being pressed for collection. Defendant testified that the order was given him by Stephen Hoyt as a payment on the amount which, by the terms of the contract of settlement, he had agreed to pay him.

The district court gave the following instruction to the jury: "The claim made by the plaintiff is that she loaned to M. A. Hoyt $400 in the order upon Brooks & Baumhover, and the burden rests with her to show by a preponderance of the evidence that she did so loan the money to him. If you believe from the evidence that M. A. Hoyt applied to Stephen Hoyt to procure for him a loan of $400, and, in pursuance of such request, Stephen Hoyt did give to M. A. Hoyt an order on Brooks & Baumhover, on which he procured the money as such loan, the plaintiff should recover the money so loaned, with interest, because both plaintiff and Stephen Hoyt, who testified before you, claim that the fund so drawn upon in the hands of Brooks & Baumhover in fact belonged to plaintiff, and under such circumstances it is not material to M. A. Hoyt, if he in fact procured such money as a loan, whether plaintiff's title or right to the money was good or not as between her and her husband." And in another instruction the jury were told that, if the order was given to defendant by Stephen Hoyt as a payment on the debt which he was owing him, and the money was so received by defendant, plaintiff could not recover, even though as between her and her husband the fund on which the order was drawn belonged to her. Defendant assigns the giving of the instruction which is quoted above as error.

It is first insisted that there is no averment in the petition under which the court was warranted in submitting to the jury the question whether the transaction was a loan by plaintiff to defendant of the amount of money received on the order. The allegation in the petition is that plaintiff delivered to defendant an order on Brooks & Baumhover for $400, and that he received the money thereon and converted it to his own use. And the position of counsel is that this allegation charges defendant with having converted the money rather than with having received it as a loan. The pleading is very loosely drawn. It does not technically charge either a loan or a con-

*I. PRACTICE: pleadings indefinite: instructions in accord with evidence.*

version of the money. If it had been assailed by motion, plaintiff would doubtless have been required to make a more specific statement of her cause of action, or possibly it could have been assailed by demurrer, or by motion in arrest of judgment. But, as defendant did not question the sufficiency of its allegations by motion or demurrer, he must now be held to have waived the question. The evidence introduced by the parties, and which was admitted without objection, showed clearly enough that the question in dispute between them was whether the transaction was a loan to defendant of $400, or a payment of that amount on the debt which Stephen Hoyt was owing him. As the parties had themselves tried the case on the theory that this was the issue presented by the pleadings, the court was clearly right in submitting the question to the jury.

Another objection urged is to that portion of the instruction which told the jury that if defendant received the money as a loan it was not material to him whether, as between plaintiff and her husband, her title to the money loaned was good or not. There was some evidence which tended to prove that the money in fact belonged to Stephen Hoyt. The money in the hands of Brooks & Baumhover was the price of certain grain which had been raised on a farm belonging to plaintiff. But there was some evidence that it had been raised by Stephen Hoyt, and the money in the hands of Brooks & Baumhover stood to his credit. Counsel contend that if it in fact belonged to him plaintiff was not entitled to recover, and that defendant had the right to have that question passed upon by the jury, but that this clause of the instruction expressly withdrew it from their consideration. The doctrine of the instruction is that, as Stephen Hoyt had testified on the trial that the money belonged to plaintiff, he would be estopped in the future from asserting any claim to it as against defendant, and for that reason it was immaterial to defendant whether as between plaintiff and her husband

2. PARTIES: interest of plaintiff in subject of suit; question immaterial to defendant: estoppel.

Hoyt v. Hoyt.

she had a valid title to it or not. And we think this is correct. If the money in fact belonged to Stephen Hoyt at the time of the transaction, and the transaction was a loan to defendant, a cause of action accrued thereon against defendant and in favor of Stephen Hoyt. But such cause of action might be transferred to a third party, who could maintain an action in his own name upon it. As Stephen Hoyt asserted upon the trial that he had no interest in the cause of action, but that it belonged to plaintiff, and this was done for the purpose of enabling her to recover upon it, he certainly would be precluded in the future from denying this statement. The claim in the hands of either plaintiff or her husband would have been subject to any counter-claim held by defendant. But he did not plead a counter-claim. The only defense made by him was that he received the money as a payment on the indebtedness which Stephen Hoyt owed him. If he had succeeded in proving this defense, he would, under the instructions of the court, have been entitled to a verdict. The fact, then, that the money at the time of the transaction belonged to Stephen Hoyt is of no materiality. The prosecution of the action in plaintiff's name did not prevent defendant from asserting any defense which he may have had against it, and the conduct of Stephen Hoyt upon the trial affords him immunity from any claim by him in the future. The judgment in plaintiff's favor is conclusive of the rights and questions which would have been concluded by it if the action had been prosecuted by Stephen Hoyt. Under the issue and the facts of the case, neither the defendant nor the law is concerned in the question as to the rights which may exist between plaintiff and her husband with reference to the claim. The judgment of the district court will be

AFFIRMED.