## J. W. WHITE v. C. J. BYAM, Appellant.

**Practice:** HARMLESS ERROR. Some confusion arose in the pleadings because matter properly the subject for reply was urged by amendment to petition. The court submitted a question to the jury which was not in issue, because some testimony of the *appellant* involved that question in some uncertainty. *Held*, there will be no reversal, especially as it appears that appellant was not prejudiced.

SAME. Where a counter claim fails, error in charging on the measure of recovery thereon is harmless.

SAME. Error in admitting evidence on an issue as to which appellant prevailed is not prejudicial.

*Appeal from Shelby District Court.*—HON. N. W. MACY, Judge.

WEDNESDAY, OCTOBER 23, 1895.

Action to recover a balance due on a sale of cattle and hogs. Judgment for plaintiff, and defendant appealed.—*Affirmed.*

*Foss & Stuart* for appellant.

*Smith & Cullison* for appellee.

Granger, J.—I. By a verbal contract the plaintiff sold to the defendant some cattle and hogs for future delivery. The cattle were delivered, and the contract price paid, less one hundred and twenty-five dollars, for the recovery of which, with interest, this action is brought. The answer admits the averments of the petition, and sets up a counterclaim for a failure to deliver the hogs, placing the damage at one hundred and ninety dollars, or sixty dollars in excess of the balance due on the sale of the cattle. Plaintiff then filed a second count to the petition, in one

part of which he justified his failure to deliver the
hogs because of a failure of the defendant to take
them according to the agreement, and in another part
he states facts as a basis to recover an additional
amount on the sale of the cattle, based on their mar-
ket value, because of an agreement made on the day
of their delivery. Plaintiff also filed a denial to
defendant's counterclaim. The jury found for the
plaintiff on the first count of the petition, and, in
effect, against him on the second count, so far
as concerned his claim for the market value of
the cattle. The matter pleaded in the second
count of the petition, by way of justification or excuse
for not delivering the hogs, was proper matter for
reply, as it was in avoidance of, or a defense to, mat-
ter pleaded in the counterclaim. Code, section 2665.
Had this course been pursued, some confusion would,
we think, have been avoided. The trial, however,
proceeded without objection, and the court submitted
to the jury the question of the place where the hogs
were by the contract to be delivered, and complaint is
made of this because by the pleadings it appears that
the place was at Harlan, Iowa. We think that it does
appear from the pleading that Harlan was by the con-
tract the place of delivery, but for some reason the
cause was tried as if that question was at issue.
Appellant thinks not. The plaintiff was recalled, and
examined as follows: "Witness recalled: The cat-
tle were to be delivered on the farm with a three per
cent. shrinkage, or in Harlan, at my option, without
shrinkage. There was nothing said about when the
hogs were to be delivered. Recross-examination: Q.
Where were you to deliver them,—the hogs? A.
Well, not any further than Harlan. I don't know

just where. I wouldn't have delivered them any further than that. Q. But you were going to deliver them in Harlan? A. Yes." Appellant seemed to be the only one to examine about where the hogs were to be delivered, and, out of the condition of the pleadings and the method of trial, the court was led to submit a question about which there was no issue. It will be seen that, by the testimony drawn out by appellant, the place of delivery was uncertain to some extent, and this is likely why the question was submitted, for the defendant testified that the place of delivery was Harlan. Under such a state of facts, we think that appellant should not complain. Besides, it is clear that no prejudice resulted. The case is within the rule of *Hoyt v. Hoyt,* 68 Iowa, 703 (28 N. W. Rep. 27), and *Collins v. Collins,* 46 Iowa, 60. Some other assignments are based on the action of the court in treating the question of place of delivery as at issue, and they need no further consideration.

II. The eighth instruction fixed the measure of recovery on defendant's counterclaim, and the rule given is said to be erroneous. We think the rule given the correct one; but, even if erroneous, it is without prejudice, for the reason that there was no recovery on the counterclaim, and until the facts justifying a recovery were found, the measure of recovery was of no moment, and was not applied. The same considerations are applicable to the testimony admitted to show the damage.

III. There is a complaint as to evidence admitted in relation to the written memorandum or agreement executed when the cattle were delivered, and which was made the basis for a recovery of the mar-

ket price of the cattle in the second count of the petition. It is thought that plaintiff, by his testimony, contradicted the writing. And here, again, it is not now material or prejudicial if he did, for defendant was successful on that branch of the case, and without such evidence he could not have been more so. The writing had no bearing whatever on the branch of the case on which recovery was had. The judgment is *affirmed*.