L. H. PRATT, Appellee, v. FISHWILD & WILLIAMS *et al.*, Defendants, O. F. KIMBALL, Executor, Appellant.

Estates of Decedents: CLAIMS: LIABILITY OF EXECUTOR: JURIS-
1   DICTION.   Where an action is instituted by the payee of cer-
tain notes against the makers and an executor, who claims his
testator was merely a surety on the notes, and the answer of
the makers sets up a joint liability, a judgment determining
the liability of the makers and the executor will not be dis-
turbed on the ground that no formal cross-petition was filed
and the court was therefore without jurisdiction to determine
their several liability, where it appears that no substantial
rights of the adverse party were affected.

Principal and Surety: DETERMINATION OF LIABILITY: CONSIDERATION.
2   In an action on certain notes against a firm and an executor,
who claimed that his testate signed the same as surety, the
evidence is considered and held to show sufficient consider-
ation to warrant submitting to the jury the question of testate's
liability on an agreement to pay one-half the debts of the firm.

Statute of Frauds: AGREEMENT TO PAY THE DEBT OF ANOTHER.
3   Where the object of an agreement to pay the debt of another
is to gain a personal advantage, it is not within the statute
of frauds, although the effect is to extinguish the liability of
the other.

Claim Against an Estate; TIME OF FILING.   Where a claim is
4   filed against an estate and parties jointly liable for the pay-
ment are claiming that the estate should pay the whole claim
and that their liability in no event exceeds one-half the
amount, the same is not one required to be filed within twelve
months.

*Appeal from Jones District Court.*—HON. H. M. REMLEY,
Judge.

FRIDAY, OCTOBER 30, 1903.

ACTION upon two promissory notes—one executed May
10, 1896, by Fishwild & Williams, alleged to be composed
of R. Fishwild and Roy Williams, and by R. S. Williams,

surety, to L. H. Pratt, for the sum of $1,500, due in one
year, with interest at seven per cent.; and one executed
May 10, 1898, by Fishwild & Williams and R. S. Williams
to L. H. Pratt, for the sum of $1,500, due in one year, with
interest at eight per cent.   It is conceded that the second
note mentioned was given as a renewal of the first note.
Such first note was not wholly paid thereby, however, there
being interest due and unpaid.    Before the commence-
ment of this action, R. S. Williams died testate, and the
appellant C. F. Kimball was duly appointed executor.
The said notes were filed with said executor as a claim
against the estate of said R. S. Williams.   Thereafter said
executor, assuming that the liability of his testator on
said note was that of a surety only, served notice upon
this plaintiff, as provided for in section 3064 of the Code,
requiring her to bring suit on said notes as against the
principal makers, or allow him (said executor) to do so.
Plaintiff thereupon gave said executor authority to bring
suit in her name, and this action was begun accordingly,
the said C. F. Kimball, as an attorney, appearing on be-
half of plaintiff.   The defendant firm of Fishwild & Wil-
liams, and R. Fishwild, one of the members thereof, an-
swered, alleging that said R. S. Williams did not occupy
the relation of a surety on the said note last executed,
but that at the time said note was executed and delivered
he, the said R. S. Williams, was a silent or dormant part-
ner in the firm of Fishwild & Williams, owning a one-
half interest in said firm.   For a further defense it is said
that the said R. S. Williams, being responsible on a large
amount of negotiable paper owed by said firm, and the
defendant Fishwild for all debts and deficiencies owing
thereto by said Roy Williams, his son, and the said Roy
being largely overdrawn in his account, the said R. S.
Williams, with the consent of said firm, took and received
the one-half interest in the business and property of the
firm, and sold the same to one Shaffer for the sum of

$6,000, which sum was paid to him, said R. S. Williams, in hand; that at the time thereof it was agreed by said R. S. Williams that in consideration that said Fishwild would accept said Shaffer as a partner, and waive his right to have the affairs of the partnership wound up, he, the said R. S. Williams, would, upon making such sale to Shaffer, pay one-half of all the debts then owing by said firm, including the notes here in suit, and release the said Fishwild from liability as to such one-half. It is the prayer of the answer that the judgment rendered on said notes be a joint judgment as against said firm and said R. S. Williams, and that said firm and the said Fishwild be held liable for one-half only of such judgment, and the defendant R. S. Williams or his estate be held for the other half. On the day said answer was filed the plaintiff, appearing by W. I. Chamberlain as her attorney, and the defendant firm, jointly moved the court to compel C. F. Kimball, executor, to come in as a party defendant, as provided for by section 3066 of the Code, and on the same day said executor did appear as such, and filed answer admitting the execution of the notes, and that R. S. Williams signed the same as surety; averring want of knowledge as to whether the notes are unpaid; and praying judgment establishing his relation to said notes as that of a surety only. Thereafter there was filed in the name of plaintiff a reply denying that R. S. Williams was a partner in said firm; denying the alleged agreement on the part of said R. S. Williams to pay debts of said firm; alleging that such agreement, if made, was not evidenced by writing as by law required, and was without consideration, and void; that no claim of the character now made by defendants was filed against the estate of said R. S. Williams within one year, and the same is therefore barred. There was a trial to jury, resulting in a verdict finding for plaintiff as against all defendants, and finding the estate of R. S. Williams to be liable for one-half the

debt, and said firm and R. Fishwild and Roy Williams, members thereof, liable for the other half of the debt. Judgment was entered against all defendants except C. F. Kimball, executor, for the amount of the verdict, and the amount thereof was allowed as a claim against said estate, "and said estate is liable upon said claim as principal for one-half of said amount and as surety for the other half; that the other defendants are liable on said judgment for one half the amount as principal, and as surety for the other half of the same." From such judgment the defendant C. F. Kimball, executor, appeals.— *Affirmed.*

*James E. Remley* and *C. F. Kimball* for appellant.

*Miller & Chamberlain, W. W. Chamberlain* and *Wilds & Bauder* for appellees.

BISHOP, C. J.—As we gather from the record, the trial was conducted on behalf of plaintiff and C. F. Kimball, executor, by C. F. Kimball as attorney. On behalf of plaintiff there was introduced in evidence the notes in suit; and the testimony of C. F. Kimball to the effect that Roy Williams had admitted to him that the defendant firm was composed of R. Fishwild and Roy Williams, and that R. S. Williams had signed the notes in suit as surety. Plaintiff then rested, whereupon a motion was made on her behalf and on behalf of the defendant Kimball, executor, for judgment on the pleadings against Fishwild & Williams and R. Fishwild and Roy Williams as principals, and the defendant Kimball, executor, as surety. This motion was overruled. A motion was made after verdict in arrest of judgment and for judgment *non obstante veredicto*, based upon the same grounds stated above, among others, and this was overruled.

The contention of counsel for appellant, if we rightly interpret, is that, in the absence of a cross-petition as be-

tween the defendant firm and the defendant execut)r, the
court had no jurisdiction to determine any
question concerning the respective liabilities
of the several defendants as between them-
selves.   With this we are not disposed to agree in all strict-
ness.   It is true that no formal cross-petition was filed.
But the action was commenced at the instigation of the
executor, and Mrs. Pratt was but the plaintiff nominally.
No one had disputed her rights, and it was not expected
that any one would be found to dispute them.   She had
filed her claim with the executor, and, we may assume,
was resting in the assurance that such claim would be paid
in full out of the estate.   The party having the prime
interest in the institution of the suit was the executor by
whom in fact it was prosecuted.   Now, it is manifest that
the executor believed that his testator was a surety only,
and the suit was accordingly brought against the firm of
Fishwild & Williams and the individual partners in said
firm only.   The answer of the defendants, however, dis-
closed the contention on their part that R. S. Williams
was not a mere surety, but jointly liable on the notes in
suit.   The defendant firm thereupon joined with the plain-
tiff in demanding that the executor come in as a party and
plead, which he did, making the specific allegation that
the liability of his testator was that of a surety only, and
praying judgment that his relation as such surety be
established.   It is to be noted, also, that in the reply filed
in the name of the plaintiff the allegations all have rela-
tion to matters in which the executor alone was interested.
The plaintiff was not in the least concerned therein.   The
executor was within the jurisdiction of the court, and by
his pleading made the direct issue as to the character of
his liabiilty, and this was undoubtedly inspired by the
pleading on the part of the defendant firm.   To all intents
and purposes, therefore, the answer of the firm was a
cross-bill, although not so entitled, and the answer of the

executor was an answer thereto.  The cause was certainly: tried by the court upon that theory, and we cannot dis- cover that the executor was prejudiced thereby.  He went to trial without objection as to the issues, save as made in the joint motion for judgment upon the pleadings, and he made no specific objection on that ground until motion for new trial after verdict was made.  Although he joined with the plaintiff in making general objections to the evidence offered by defendants to sustain the allegations of their answer, yet he introduced such evidence in opposition thereto as he saw fit, and there is no suggestion that he was prevented from producing all the evidence to be had bearing upon the subject.  So, too, he treated the reply as if filed by him, and by proper objections raised the questions made thereby, and secured a ruling of the court thereon.  It was certainly desirable that all the issues between the parties should be tried in one action, and as we think the executor was given the opportunity to and did present his whole case, we conclude that there should be no interference with the judgment by reason of the informality complained of.  It is a provision of the Code (section 3601) that "the court, in every stage of an action must disregard any error or defect in the proceeding, which does not affect the substantial rights of the adverse party; and no judgment may be recovered or affected by reason of such error or defect."  Our conclusion also finds support, in principle at least, in the following authorities: *Cotes & Patchin v. Davenport*, 9 Iowa, 238; *Doniphan v. Street*, 17 Iowa, 321; *Bank v. Barber*, 56 Iowa, 564; *Hoyt v. Hoyt*, 68 Iowa, 706; *White v. Bryam*, 96 Iowa, 166; *Warren v. Chandler*, 98 Iowa, 244.

II.  By its instructions the court told the jury that there was no sufficient evidence to establish the relationship of R. S. Williams as a partner in the firm of Fishwild & Williams.  The sole question submitted was whether or not R. S. Williams had agreed to become liable for and

to pay one-half of the indebtedness of said firm. Counsel for appellant contends that it was error to submit such question, for that it had not been shown that such agreement, if made, was based upon any sufficient consideration. We think otherwise.

2. PRINCIPAL and surety: determination of liability; consideration.

It is made to appear that R. S. Williams was instrumental in securing the introduction of his son, Roy, into the firm. He became then obligated in connection therewith on his account, and thereafter and at the time of the alleged agreement he was largely involved as a surety for his son and for the firm. The half interest in the property and business was sold by the father, the son joining in the conveyance; and the whole of the proceeds were taken possession of by the former, and disposed of by him as he saw fit. Moreover, there is evidence upon which the jury might find that, to effect a sale to the purchaser, and to secure his introduction into the business, and on the faith of his agreement to pay, he procured the consent of Fishwild to accept of such purchaser as a partner, and to forego the accounting, etc., incident to a dissolution of partnership. We cannot doubt but that out of this a sufficient consideration arose.

III. It is a further contention that such agreement, if made, was within the statute of frauds. As we have stated in the next preceding division of this opinion, there was evidence from which the jury might draw the conclusion that an agreement to pay was made by R. S. Williams, as alleged, and that such agreement was predicated upon the consideration alleged. Accepting this as the state of the record, we have no case coming within the statute of frauds. By taking the property and appropriating the proceeds thereof under the circumstances alleged, and under the agreement as alleged, R. S. Williams made the firm debts to the extent of one-half thereof his own debts. He then became primarily liable. "Whenever the main purpose of the person

3. STATUTE of frauds: agreement to pay the debt of another.

promising is not to answer for the debt of another, but to subserve some object of his own, the promise is not within the statute of frauds, although in form it may have the effect of extinguishing the liability of another." *Johnson v. Knapp,* 36 Iowa, 616. See, also, *Chamberlin v. Ingalls,* 38 Iowa, 300; *Blair Town Lot & Land Co. v. Walker,* 39 Iowa, 406; *Emerson v. Slater,* 22 How. 28 (16 L. Ed. 350); *Davis v. Patrick,* 114 U. S. 479 (12 Sup. Ct. Rep. 58, 35 L. Ed. 826).

IV.   There is no merit in the contention that the claim should not have been allowed against the estate, for that the same was not filed and noticed for hearing within twelve months from notice of appointment of the executor.   We have no data from which we can determine the precise facts, but, in our view, such would be immaterial. Certain it is that the claim was filed against the estate, and the liability to the plaintiff on such claim as a whole is not in dispute. The defendants are not in the attitude of making any claim against the estate.   In effect, they are simply insisting that the estate shall pay the whole of plaintiff's debt, and that their liability to the estate shall not exceed one-half the amount so paid.   Such is not a claim within the meaning of the statute requiring claims to be filed and proven.

*4. CLAIM against an estate: time of filing.*

V.   We have inquired into each of the other errors assigned, and find nothing of sufficient merit to warrant us in disturbing the judgment.   We think the case was fairly submitted to the jury by the instructions, and no question is made as to the form of the verdict or judgment.—AFFIRMED.