GEORGE W. MUNROE, Appellee, v. MUNDY & SCOTT, M. L. MUNDY and R. W. SCOTT, Appellants.

Sales: LIABILITY FOR PURCHASE PRICE: EVIDENCE. In this action to
1  recover the purchase price of a team of horses the evidence is held to require submission of the question whether defendants bought the team directly from plaintiff, or whether they merely guaranteed payment therefor by another.

Same: EVIDENCE. Where plaintiff claimed that defendants were di-
2  rectly responsible to him for the price of a team of horses which he delivered to another, evidence that he knew the other party to be a man who did not meet his obligations was admissible to show why he did not deal directly with such party rather than with defendants.

Same: STATUTE OF FRAUDS: ORAL EVIDENCE. Where the purchasers of
3  a team under an oral contract directed its delivery to another, the delivery to such party took the contract out of the statute of frauds; and evidence of the sale was admissible although there was no written memorandum.

Statute of frauds. A promise resting upon a new consideration be-
4  tween the parties, thus giving to the promisor some new advantage, is an original undertaking and is not within the statute of frauds; although the promise is to discharge the debt of another.

Sales: EVIDENCE: INSTRUCTION. Where it was claimed by plaintiff that he sold a team direct to defendants, and by defendants that the sale was to another, they simply guaranteeing payment therefor to the extent to which they should become indebted to such claimed purchaser, an instruction that the only issue in the case was whether defendants were the purchasers was not erroneous as being an undue restriction of the issues; as that was the only fact question in the case, and proof that defendants simply guaranteed payment of the debt would defeat recovery against them.

*Appeal from Marshall District Court.*—HON. CLARENCE NICHOLS, Judge.

TUESDAY, APRIL 14, 1914.

ACTION to recover upon a contract of sale of a team of horses. Defense that the sale was made to a third person and not the defendants. Verdict for the plaintiff, and defendants appeal.—*Affirmed.*

*F. E. Northup,* for appellants.

*J. J. Wilson* and *W. T. Bennett,* for appellee.

WITHROW, J.—I. Plaintiff's suit is based upon the claim that in May, 1911, he entered into an oral contract with M. L. Mundy, member of the firm of Mundy & Scott, by the terms of which plaintiff was to deliver to one J. F. Doan a team of horses to be used by said Doan in plowing land for Mundy & Scott, and for which the defendants agreed to pay $195 for the team within sixty days from date of the contract. That in pursuance of such agreement the team was delivered to Doan, and that the defendants have refused to pay for the same as agreed by the contract. The defendants denied the oral agreement, or that they in any manner rendered themselves liable to pay plaintiff for the team. They further claim that on or about the date stated they had entered into a contract with Doan to break certain land for them, and

that at the request of plaintiff and said Doan they undertook
and agreed to pay to Munroe such sums only as should there-
after become due to Doan for work performed by him for the
defendants, but that said Doan failed and refused to carry
out his contract with the defendants, and abandoned the
work, and that because of such no sum was due Doan, and
therefore there was no liability from them to the plaintiff.
There was a trial to a jury, resulting in a verdict in favor of
the plaintiff, and the defendants appeal.

II. As will be gathered from the foregoing statement
of the claims of the parties the theory upon which the appellee
rested his case was that he had made an absolute sale of the
team to Mundy & Scott, to be delivered to
Doan, for use in the employment by Doan
under his contract with Mundy & Scott. The
theory upon which appellants relied was that the sale was not
made to them nor for their benefit, but for the sole benefit of
Doan, and that the statute of frauds had application as to
much of the testimony offered and introduced, inasmuch as
appellee relied upon an oral contract. We are not required
to set out the evidence in great detail that a proper under-
standing may be had as to the errors urged.   The record
shows the employment of Doan by Mundy & Scott, to break
some of their land in another county; that he needed a team
to properly carry on the work, and that Mundy approached
the appellee, and said, "If you will sell this team of horses
to Mr. Doan, I will see that you get your money for it inside
of sixty days."  To this the appellee claims to have replied,
and in this he is corroborated, that he would not sell Doan
the team, but that he would sell it to Mundy, and that agree-
ment was finally reached upon that basis; that Mundy &
Scott desired him to accept an order given by Doan to the
appellee for $195 to be paid $75 in thirty days when fifty
acres were broken, and the balance when the work was finished,
which was to be not later than June 15th.   Such an order
was given and received by the appellee; but he testified that

1. SALES: liability
for purchase
price: evi-
dence.

he at first refused it, and again, and that he only accepted
it at the request of Mundy, who stated that he wanted it as
a protection between him and Doan, and that it would make
no difference in the deal between Munroe and Mundy & Scott.
The appellants denied that Munroe refused to take the order,
and claimed in the evidence that Doan accepted it as the
plan of payment. The evidence was in dispute as to the
nature of the contract, and the extent of the liability of the
appellants under it, and required the submission of the case
to the jury, and this was done over appellants' motion for a
directed verdict, which was overruled. The points upon
which the motion was based are particularly raised in the
several assignments of error.

III. Error is first claimed in permitting the appellee to
state in his testimony, in response to a question, that ''I
know him (Doan) to be a man who did not ordinarily meet

2. SAME: evidence.     his obligations,'' etc. That this was competent as bearing upon the reason why the appellee refused to sell the team to Doan, and would only deal direct with Mundy & Scott we think is clear.

IV. The appellee moved to strike from the record the
testimony of Munroe, the appellant, as to the alleged sale of
the team, for the reason that no part of the consideration was

3. SAME: statute of frauds: oral evidence.     paid, and there was no delivery of the team to the defendants. This objection is based upon the first division of Code, section 4625,
being the statute of frauds. It, of course, will not be claimed
that if Mundy & Scott purchased the team for themselves,
and that delivery was not made to them until several days
after the contract was entered into, proof of the contract, to
sustain a recovery against them, must be in writing. It is
only when no part of the purchase money has been paid, and
no part of the property is delivered, that the rule has application. And when the delivery is made to a third person, under
the direction of the purchaser that such shall be done, that
is sufficient to take the case from under the rule of the statute.

*Leggett v. Collier*, 89 Iowa, 144; *Starr v. Stevenson*, 91 Iowa, 684. There was no error in refusing to strike the evidence.

V. The motion to strike the evidence of Munroe was also based upon the claim that it was of a guaranty of the payment of the amount due from Doan, and therefore within the rule of subdivision 3 of the statute of frauds requiring such to be in writing. The refusal to strike the evidence from the record on this ground is assigned as error. We have referred to the claim of the appellee that he relied upon a sale direct to Mundy & Scott, with a refusal to sell to Doan, and that it had support in the evidence. Assuming, as the strongest view which may be taken of appellants' claim, that the promise was to pay the debt of Doan, yet it would come within the rule that where a promise is based on a new consideration between the parties, giving to the promisor a benefit which he did not enjoy before, it is then regarded as an original undertaking and need not be in writing. *Carraher v. Allen*, 112 Iowa, 171; *Pratt v. Fishwild*, 121 Iowa, 648. But we need not go so far in this case; for if the claim of appellee be correct, it was a purchase by the appellants and not a guaranty of substitution of liability by them; and, being such, proof by parol was competent to establish it. The questions here considered are determinative of other rulings made upon the introduction of the evidence, and also the criticised statement of the trial court, made in the presence of the jury, as to the claim that the contract sought to be proven involves the delivery of the horses to the defendants by delivery to their agent, Doan. This was a fair construction of the claim of the appellee as made in his petition, and is not subject to the criticism lodged against it.

4. STATUTE OF FRAUDS.

VI. Instruction No. 5, given to the jury, stated that: "The only question in controversy for you to determine in this case is, Did the plaintiff sell the team to the defendant. There is no other question in controversy in the case." The same instruction stated that the suit was not upon a guaranty of the debt of Doan by Mundy & Scott, and that all the evidence should

5. SALES: evidence: instruction.

be considered in determining ''whether the defendants purchased the team of plaintiff. If they did, your verdict should be for the plaintiff; but if they did not purchase said team, but Doan purchased it, then your verdict should be for the defendants.'' This instruction is criticised as narrowing the issue, and excluding from proper consideration the claim of the appellants that they only guaranteed payment. As a whole, we think it not subject to the objection made against it. Appellee's right of recovery depended wholly upon proof of a sale by him to the appellants. A sale to Doan, if proven, would defeat his action; and proof of a guaranty, as claimed by appellants, was of but one feature in the proof necessary to show a sale to Doan, evidence of some weight, it is true, but under the facts, not controlling. The appellant requested no instruction upon the question of the guaranty. That given by the trial court correctly stated the law, omitting no necessary statement, and was not erroneous.

We discover no error, and the judgment of the lower court is—*Affirmed*.

LADD, C. J., and DEEMER and GAYNOR, JJ., concurring: