NEWPORT GRAIN STORE *v.* LEO BERGERON.

(57 A2d 123)

January Term, 1948.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 3, 1948

*Lee E. Emerson* for the defendant.

*Raymond L. Miles* for the plaintiff.

JEFFORDS, J. This is an action of contract under the common counts in assumpsit to recover payment for a grain bill. A specification was filed setting forth the various items making up the bill.

The defendant pleaded a general denial and the Statute of Frauds, P. L. §§ 1675 and 1676.

The first exception to be considered is that to the refusal of the court to direct a verdict for the defendant. The grounds of the motion were that there was no evidence to take the case out of either P. L. 1675 or 1676.

P. L. 1675 is that section of the statute which provides that a promise to answer for the debt of another, in order to be enforceable, must be evidenced by a writing signed by the party sought to be charged or by someone authorized by him to so sign. Bearing on this section the evidence viewed in the light most favorable to the plaintiff is as follows:

In the early part of July, 1945, the defendant came to the plaintiff's place of business and talked with the manager of the store about delivering grain to one Gerald Conley who had just purchased the defendant's farm and the cattle thereon, the defendant having taken a mortgage back both on the farm and the cattle. The defendant said he was putting his cows on the farm and would be responsible for the feed delivered to Conley. After this conversation took place the plaintiff delivered grain either to Conley himself or to the farm. The defendant came to the store several times to inquire about the account. He asked the manager to collect as much as possible from Conley and not to let Conley know that he (Bergeron) was responsible. Bills were sent Conley and attempts made to collect from him because the defendant ordered this done. The only reason that bills were made out in Conley's name was because of the order from the defendant.

In December, 1945, the defendant received a statement from the plaintiff which included the balance due on the merchandise delivered to Conley or to the farm on Conley's order. When the defendant received this statement he immediately came to the plaintiff's store and there told the store manager that he would not pay that part of the statement represented by the Conley account. The defendant denied to the manager that he had ever agreed to pay that account and as a witness at the trial denied that he ever said that he would be responsible for it.

The jury had the right to find that the defendant made the statement as to responsibility testified to by the store manager and another witness. From all the facts and the circumstances attending the transaction they could reasonably find that in making this

statement the defendant intended to make a primary and original promise to pay for the merchandise delivered to Conley for use on the farm and that the plaintiff through its store manager had the right to so understand it. If the jury found that the promise was of this character the statute does not stand in the way of recovery, for the simple reason that it is not a promise to pay the debt of another, but is a promise to pay the debt of the promisor. *Lawrence* v. *Anderson,* 108 Vt 176, 178, 184 A 689; *Enos* v. *Owens Slate Co.,* 104 Vt 329, 333, 160 A 185; *Pocket* v. *Almon,* 90 Vt 10, 15, 96 A 421.

It is true that there are certain facts and circumstances tending to show a collateral promise only but this does not neutralize the effect of the evidence favorable to the plaintiff but only makes a jury question on this issue. *Pocket* v. *Almon, supra.* The defendant relies strongly on the fact that the account was carried in Conley's name and bills were sent to him under his name and says, for this reason, under the ruling in *Lawrence* v. *Anderson, supra,* the plaintiff is barred from recovery against this defendant. In that case there was no explanation of why the charges were made as they were, while in the present case there was an explanation which the jury could accept. That such facts are not conclusive evidence of the person who is to be regarded as the original debtor but are subject to explanation is shown in the very case relied on by the defendant.

P. L. 1676 provides, as far as here material, that a contract for the sale of goods, wares or merchandise for the price of fifty dollars or more shall not be valid, unless the purchaser accepts and receives part of the goods so sold. The defendant says that the plaintiff has tried its case on the theory that the defendant is a primary obligor and, consequently, the plaintiff must take the position, and has done so by its proof on trial, that a sale was made of the grain to the defendant, so as to make it necessary for the plaintiff to prove that the requirements of P. L. 1676 have been satisfied in order to recover.

In order for a recovery to be had under the common counts it must be had under a count applicable to the case made out by the evidence. *Wertheim* v. *Fid. & Cas. Co.,* 72 Vt 326, 47 A 1071. The only counts answering this test among the common counts contained in the declaration in the present case are those alleging an indebtedness from the defendant to the plaintiff because of goods

sold, etc. to the former by the latter. Consequently we assume, as claimed by the defendant and impliedly admitted by the plaintiff in its brief, that P. L. 1676 did here apply at the trial below.

But when the evidence was all in there were only two questions properly to be submitted to the jury. Those were whether the defendant made the statement claimed to have been made by him as to responsibility for grain delivered to Conley and whether he intended to and did become the primary promisor for the payment thereof. This is so because if the jury found for the plaintiff on both of these questions the defendant was liable for the grain as the evidence conclusively shows the requisite acceptance and receipt to satisfy the statute in question.

The evidence is undisputed that the defendant authorized the plaintiff to deliver to Conley grain purchased for use on the farm bought by the latter from the former. Nor is it disputed that Conley came to the plaintiff's store and received some of the grain for the price of which this suit is brought and took it away with him and that the remainder was sent to the farm on plaintiff's trucks. The defendant does not question the fact of delivery but says there is no evidence in the case to show that he authorized Conley to receive and accept the grain. He points out in his brief that there is a distinction between "receipt" and "acceptance." This is so. *Patterson & Holden* v. *Sargent,* 83 Vt 516, 519, 77 A 338, 138 Am St Rep 1102.

The evidence shows without dispute unqualified authority from the defendant to the plaintiff to deliver the grain to Conley and thus the consequent authority on the part of Conley to receive it. The defendant over a period of about five months came to the plaintiff's place of business and inquired about the account and at none of these times raised any question about the right of Conley to accept as well as to receive the grain. At the time of the dispute over payment of the account the only objection raised by the defendant to paying it was that he had never agreed to do so. The unqualified authority to Conley to receive the grain; the fact that to the defendant's knowledge it was delivered to him at the store or sent to his farm; the lack of any claim by the defendant during the period of deliveries that Conley had no right to accept the grain for the defendant are all facts or circumstances showing conclusively that the defendant in authorizing Conley to receive deliveries of the grain intended to and did authorize him to accept as well as to re-

ceive it within the meaning of the statute. *Taylor* v. *Harrington,* 243 Mass 210, 137 NE 350; *Snow* v. *Warner,* 10 Met. 132, 43 Am Dec 417; *Munroe* v. *Mundy,* 164 Ia 707, 146 NW 819, 96 Am St Rep 225; 49 Am Jur 604; 37 CJS 641 § 159.

■ Receipt and acceptance by an authorized agent binds the principal. *Burlington Grocery Co.* v. *McGreggs,* 97 Vt 63, 71, 122 A 479.

That there was an acceptance is beyond question. There is no evidence that either the defendant or Conley made any complaint about the quality or weight of the grain delivered or, indeed, any complaint concerning it. The necessary inference is, therefore, that the grain was satisfactory in all respects and was used by Conley to feed the cattle on the farm.

There was no error in denying the motion for a directed verdict.

The defendant excepted to the charge of the court relating to P. L. 1675. The main grounds of the exception were that there was nothing in the charge to the effect that the defendant could only be held liable if it were found that he had made a primary promise to pay the grain bill, that no distinction was made in the charge between primary and secondary liability and that the charge, in effect, made the question of liability depend on whether the jury believed the defendant made the statement as to responsibility for the grain bill which the plaintiff claimed he did make.

■ The charge of the court was very short. It, in effect, told the jury that if they believed that the defendant promised the plaintiff that he would be responsible for the purchase price of the grain then he is liable. It is true that this statement was modified somewhat by statements relating to intention on the part of the defendant to become liable but in a supplemental charge, to which exceptions were taken on the same grounds as were those to the main charge, the court, in effect, left the only question for decision to be whether the defendant had made the statement as to responsibility. In this there was error. It is true, as we have heretofore pointed out, that the first question to be decided by the jury was whether the defendant made the claimed statement. If they found he did not that would be the end of the case in favor of the defendant but if they found he did make the statement then the question for them to decide was whether by making it he assumed primary or merely secondary responsibility for the account. The different result under the statute should have been pointed out by the court and the

distinction between the two liabilities should have been made. In drawing this distinction the matter of intention of the defendant as to liability would be important.

The defendant also excepted to the charge because the court did not refer therein to certain evidence favorable to the defendant but this exception not being briefed is waived. Moreover, a trial court in its charge is not required to single out for comment some one piece of evidence. *Bianchi Granite Co.* v. *Terre Haute Monument Co.,* 91 Vt 177, 187, 99 A 875.

The court in its charge did not mention P. L. 1676 in any way. The defendant took several exceptions to the court's failure to charge the application of that statute to the case. What we have said in reference to this section of the Statute of Frauds in our treatment of the motion for a directed verdict shows that there was no error in the failure of the court to allude to it in its charge. By refusing to charge in respect to it after exceptions had been taken to the failure to so charge, the court impliedly held that under the evidence there was nothing to go to the jury on the application of this section of the statute. In taking this position the court, as we have seen, was correct. Assuming that the question of the application of this section of the statute was within the issues made by the pleadings and although ordinarily the question of whether there has been an "acceptance" is for the jury, *Burlington Grocery Co.* v. *McGreggs,* 97 Vt 63, 73, 122 A 479, yet, when as here, the evidence is all one way on that issue there is no question for the jury in respect to it and to have submitted it would have been error. *Mt. Ida School* v. *Gilman,* 97 Vt 331, 335, 123 A 198; *Packard* v. *Quesnel,* 112 Vt 175, 178, 22 A2d 164; Williston on Contracts, Vol. 1 § 563.

*Judgment reversed and cause remanded.*