H. W. MYERS & SON, INC. *v.* ANASTACIA FELOPULOS

(76 A2d 552)

October Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed November 8, 1950.

*Jones & Ehrich* for the defendant.

*F. R. Paddock* and *Frederick M. Myers* (of the Massachusetts bar) for the plaintiff.

JEFFORDS, J. This is an action of contract under the common counts to recover the asked price of certain kitchen cabinets ordered by the defendant of the plaintiff. The defendant filed an answer which included a general denial; an allegation that no contract was ever entered into between the parties for the purchase and sale of the cabinets as no price for the same was ever agreed upon; a pleading of the statute of frauds. A trial by court was had with a resulting judgment for the plaintiff for the full amount of the purchase price of the cabinets set forth in its specifications. The case is here on the defendant's exceptions.

The findings of fact, here material, may be summarized as follows: In May, 1948, the defendant orally ordered of the plaintiff, through one of its salesmen, kitchen cabinets for her home in Bennington. No written order or agreement was signed by the defendant in connection with the purchase of the cabinets. There was no discussion of price by the parties until after the manufacture and delivery of the chattels to the warehouse of the plaintiff.

Following the order for the cabinets, a representative from the George H. Cole Supply Company, a supplier of the plaintiff in plumbing supplies and kitchen equipment, called at the home of the defendant. He measured the room where the cabinets were to be installed. The defendant told him where she wished the cabinets placed and the type and design of cabinet she desired. She made certain requests in respect to the cabinets. The representative made a sketch of the kitchen and later prepared a blue print showing the design and specifications of the proposed equipment. The blue print was submitted to the defendant for her approval. Further changes in the plans were requested by her and noted on the blue print.

Thereafter, an order was placed by the plaintiff through the Cole Company for the manufacture of the kitchen equipment by Whitehead Company in accordance with the specifications submitted. The equipment was manufactured by the latter company for the defendant's kitchen in her home. The equipment is not suitable for sale to others in the ordinary course of the plaintiff's business.

In August, 1948, the cabinets were received by the plaintiff and the defendant was notified of their arrival. "Sometime during the month of September, 1948, the defendant went to the plaintiff's warehouse and examined the cabinets. She expressed satisfaction

366

and approval of the kitchen equipment. The defendant at this time requested the plaintiff to store the cabinets until she was ready to receive them upon completion of contemplated alterations in her kitchen. The plaintiff thereupon did store the cabinets in its warehouse without charge to the defendant and the equipment has there remained."

In October, 1948, the plaintiff sent the defendant a bill in the amount of $520.10 for the cabinets. No further action was taken by the parties in the matter until March, 1949, when the defendant requested the plaintiff's general manager to call at her home. At that time the defendant asked for a better price. No adjustment in price was made. This was the first time that the price of the kitchen equipment was discussed by the parties.

No payment has been made by the defendant for the equipment. It was found that the amount of $520.10 is a fair and reasonable price for the kitchen equipment.

The exception to the judgment was on the ground that it is not supported by the facts as found by the court. In support of this ground the defendant says that no contract was ever entered into between the parties for the sale and purchase of the goods here in question, for the reason that no price was ever agreed upon between them. The Uniform Sales Act, V. S. 47, § 7862, sub. div. IV, applies to the contract in question. As the price was not determined in accordance with the provisions of sub. div. I of § 7862, the defendant was obligated under the contract to pay a reasonable price for the kitchen equipment. The amount of such price was found by the court. See also *Wortheim* v. *Brace,* 116 Vt 9, 10, 68 A2d 719. There is no merit to this claim of the defendant.

This brings us to the claim of the Statute of Frauds as a defense. It is first to be determined whether the contract in question comes within the statute. V. S. 47, § 7857 sets forth the statute as it appears in the Uniform Sales Act. Sub. div. II of this section reads as follows :

> "The provisions of this section apply to every contract or sale, notwithstanding that the goods may be intended to be delivered at some future time or may not at the time of such contract or sale be actually made, procured, or provided, or fit or ready for delivery, or some act may be requisite for the making

or completing thereof, or rendering the same fit for delivery. However, if the goods are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of the seller's business, the provisions of this section shall not apply."

The question is whether the contract under consideration comes within the exception set forth in the last above quoted sentence. The trial court found that the equipment is not suitable for sale to others in the ordinary course of the plaintiff's (seller's) business. It also appears from the findings that the equipment was manufactured by Whitehead Company as a result of an order placed by the plaintiff with the Cole Company.

The above-quoted sub-section of the Sales Act was drafted in conformity with the so-called Massachusetts rule relating to the subject matter of that sub-section. Williston on Sales, rev. ed. § 55; 19 Am Jur 570; *Atlas Shoe Co.* v. *Rosenthal,* 242 Mass 15, 136 NE 107. The Rosenthal case was apparently the first having to do with the construction of the exception in question to come before the Supreme Judicial Court of Massachusetts after the passage of the Sales Act. In that case the plaintiff, which was not a manufacturer of shoes, took an order from the defendant for particular styles of shoes which were to be made especially on order of the plaintiff by a manufacturer. The shoes were not suitable for sale to others in the ordinary course of the plaintiff's business. The question was whether the contract came within the exception. It was held that it did not. The late Chief Justice Rugg who wrote the opinion gave several reasons for the holding. One was that if the section is to be construed according to its words it does not apply to the transaction in question because the goods were not to be "manufactured by the seller" but were to be procured by the seller to be made by a manufacturer. In support of this statement an elementary rule of statutory construction to be found in substance in our cases was referred to. This rule is that every part of the statute must be considered and, if possible, effect given to every word, clause and sentence. *In re Cornell,* 111 Vt 454, 459, 18 A2d 151. The Chief Justice then said that reading the words of the exception in their ordinary sense confines it to those instances where the seller is himself the manufacturer and excludes

from its scope all cases where the seller procures goods to be manufactured by another. It was stated that this ruling conforms to the law of that Commonwealth under the Statute of Frauds before the enactment of the Sales Act. Cases were cited in support of this statement. The opinion on this point concludes with the statement that decisions in other jurisdictions under the Sales Act are in harmony.

We have had no cases from this Court construing the exception in question. The case of *Forsyth & Ingram* v. *Mann Bros.*, 68 Vt 116, 34 A 481, 482, decided long before the adoption of the Sales Act, is much in point on its facts with the present case. The plaintiffs carried on a wholesale granite business and the defendants quarried and manufactured granite. The plaintiffs having agreed to furnish a monument for the state of Minnesota, contracted with the defendants therefor at a stipulated price. The lower court did not find that the defendants were to bestow their personal skill and labor upon the monument, nor that there was anything in the understanding or agreement that would have prevented them from purchasing it elsewhere in whole or in parts, instead of manufacturing it from their quarries and at their shop. The principal question was whether the contract came within the Statute of Frauds. It was held it did not.

Judge Rowell in the course of the opinion reviews extensively the cases having to do with such contracts under the so-called English, New York and Massachusetts rules. For various stated reasons it was decided to follow the latter which was said to be as follows: "The test is, not the non-existence of the article at the time of the bargain, as in New York, nor whether the contract will result in the sale of a chattel, as in England, but whether the goods are such as the vendor, in the ordinary course of his business, manufactures or procures for the general market, or whether they are manufactured especially for the vendee and on his special order; and not for the general market, and for which they are neither intended nor adapted."

Later in the opinion the following appears: "But it is said that as the defendants were not bound to bestow their personal skill and labor upon the monument, but were at liberty to get others to make it for them, it is a contract of sale and not for work and labor. But that makes no difference, as was said in *Bird* v. *Muhlinbrink*, 1 Rich. Law (SC), 199, 44 Am Dec 247, 250. It is not necessary

that personal skill and labor should be stipulated for in order to make a contract one for manufacture. It is sufficient if the work and labor requisite to such a contract are to be performed by the contractor or by his procurement and at his expense. The latter would be work and labor done by him, in the eye of the law, and could be declared for as such."

It is apparent that if the last above quoted statement correctly sets forth the law under the Sales Act the contract here in question comes within the exception under the pertinent findings. We are of the opinion that it does not. The reasoning in the Rosenthal case appears to us to be sound and we follow it in holding that inasmuch as the goods were not manufactured by the plaintiff (the seller) but were to be procured by the plaintiff to be manufactured by another (Whitehead Company) the contract comes within the Statute of Frauds. See also *Eagle Paper Box Co.* v. *Gatti-McQuade Co.,* 99 Misc 508, 164 NYS 201.

Since the contract is within the statute it remains to be seen whether it was satisfied by an acceptance and receipt of the goods by the defendant. V. S. 47, § 7857, sub. div. I. There is a distinction between "acceptance" and "receipt." Both are necessary in order to satisfy the statute. *Newport Grain Store* v. *Bergeron,* 115 Vt 283, 286, 57 A2d 123; *Burlington Grocery Co.* v. *McGreggs,* 97 Vt 63, 71, 122 A 479; *Patterson & Holden* v. *Sargent,* 83 Vt 516, 519, 77 A 338; 37 CJS 632.

The finding pertinent to this question is the one above quoted. From this it appears that the defendant examined the cabinets in the plaintiff's warehouse and expressed her satisfaction and approval of them. At that time she requested the plaintiff to store the cabinets for a length of time, for a certain reason, until she was ready to receive them. The plaintiff did store the cabinets in its warehouse without charge and the equipment has there remained.

There is an acceptance of goods within the meaning of § 7857 when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specified goods. § 7857 sub. div. III.

We will assume, without so deciding, that the trial court inferred from the facts found that there had been an acceptance by the defendant of the goods in question and that it was warranted in so doing.

Assuming, in support of the judgment, that the court also

inferred that there had been a receipt of the goods, the question is whether such inference was warranted by the facts as found. The receipt and acceptance of goods, to satisfy the terms of the statute, must be proved by clear and unequivocal acts on the part of the buyer. *Bassett* v. *Camp,* 54 Vt 232, 234. It is the rule in this jurisdiction, and in many others, that mere words unaccompanied by acts are not sufficient to constitute a receipt in a case such as the one here. In the opinion in the Bassett case it is stated: "No acts of the party sought to be charged are proved. We are presented with a naked verbal agreement. In order to satisfy the statute when the property is not in the purchaser's possession, there must be something more than mere words. The purpose of the statute was to prevent frauds and perjuries; but if nothing more is required than mere words, how is that purpose to be effected?"

Assuming also that the court inferred there was an agreement that the plaintiff was to retain possession of the goods as the bailee or agent of the defendant, it is clear from the finding that this agreement was wholly oral. There was no setting apart of the goods as in the case of *Green* v. *Merriam,* 28 Vt 801, 804. An oral agreement of the parties that the seller is to retain possession of the goods as the buyer's bailee or agent is not of itself sufficient to constitute a receipt. *Bassett* v. *Camp, supra; Hill* v. *Dodge,* 80 NH 381, 117 A 728; *Wright* v. *Schram,* 121 Neb 775, 238 NW 658; *Easley* v. *Stewart,* 131 Miss 756, 95 So 525; *Devine* v. *Walker,* 75 Conn 375, 53 A 782; *Bowers* v. *Anderson,* 49 Ga 143; 37 CJS 639.

While we must indulge all reasonable intendments in favor of the judgment and read doubtful findings in support of it if we can reasonably do so, we cannot supply the omission of an essential fact which is not fairly inferable from the facts found. *Hooper* v. *Levin,* 112 Vt 321, 325, 24 A2d 337; *Glass* v. *Newport Clothing Co.,* 110 Vt 368, 375, 8 A2d 651. Here no clear and unequivocal act showing a change in the character of the seller's possession can be fairly inferred from the facts found. It follows there was no such receipt of the goods in question by the defendant as satisfies the statute.

In view of what we have held, it is not necessary to determine the questions raised by the exceptions to the findings and refusals to find.

*Judgment reversed and judgment for the defendant to recover her costs.*